UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)

ROGER C. MATTSON, ESQUIRE
26 Newton Avenue
Woodbury, NJ 08096
(856) 848-4050
RM9791
Attorney for DAVID AND MARIANNE RIVERA
Plaintiff

---

|  |  |  |
|---|---|---|
| | : | |
| **DAVID AND MARIANNE RIVERA** | : | |
| **Individually and as a class representative** | : | |
| **On behalf of others similarly situated** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION** |
| vs. | : | |
| | : | |
| **Washington Mutual Bank,** | : | **CLASS ACTION** |
| **Countrywide Home Loans and** | : | |
| **SHAPIRO & DIAZ** | : | |
| **AND JOHN DOE** | : | |
| **SERVICERS 1-100  AND JOHN DOE** | : | |
| **LAW FIRMS 1-100** | : | **FIRST AMENDED** |
| | : | **COMPLAINT** |
| **Defendants** | : | **AND JURY TRIAL DEMAND** |

---

Plaintiffs, **DAVID AND MARIANNE RIVERA**  residing at 2203 Beacon Hill

Drive, Sicklerville, County of Camden and State of New Jersey,  individually, and as

private attorney general, and on behalf of others similarly situated, by way of

Complaint says:

## PARTIES

1.  The Plaintiffs, DAVID AND MARIANNE RIVERA, owned the residential property located at 2203 Beacon Hill Drive, Sicklerville, County of Gloucester, New Jersey.

2.  The Defendant, Countrywide Home Loans, (Countrywide), a New York Corporation with its principal place of business at 4500 Park Granada CH-11, Calabassas, California, 91302 solicits and does business throughout the State of New Jersey, inclusive of Camden County.

3.     The Defendant, Washington Mutual Bank, (WaMu), of a Federal Savings Bank chartered under federal law in Nevada with its principal place of business as 2273 North Green Valley Parkway, Henderson, Nevada, 89014 solicits and does business throughout the State of New Jersey, inclusive of Gloucester County.

4.  The Defendant, the law firm of Shapiro & Diaz (Shapiro) whose offices are located at 406 Lippincott Drive, Suite J, Marlton, NJ 08053 represented the Defendants, Countrywide and WaMu in the foreclosure proceedings.

## VENUE AND JURISDICTION

5.  This action is a civil action over which this Court has original jurisdiction pursuant to 28 USC 1332(d), as amended by the Class Action Fairness Act, Pub. L. No. 109-2,119 Sta. 4 (2005). This is a class action in which at least one member of the class of the Plaintiff is a citizen of a state different from that of

the Defendant and the amount in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.

6.  Plaintiffs seek to represent a class and pursue a class recovery under                    .
See 28 USC 1332(d)(1)(B) (defining "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute...authorizing an action to be brought by one or more representative persons as a class action.")

7.  The diversity requirement of Section 1332(d)(2), as amended by the Class Action Fairness Act, is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant" Id. 1332(d)(2)(A).

8.      All defendants other than Shapiro & Diaz have a principal places of business and citizenship in states other than New Jersey.

9.  The Plaintiffs are citizens of the State of New Jersey.

10.  The proposed class will not be limited to citizens from the state of Nevada. The Plaintiff proposes a national class as 1) Individuals who have had FHA insured home loans held or serviced by the Defendant, Washington Mutual, FSB from sixteen years prior to the filing of the complaint through the date of class certification, 2) individuals who received a payoff or reinstatement statement from the Defendant whose home loan was in default, 3) individuals who were charged attorneys fees and/or other costs which were in excess of the amount actually incurred and and/or in excess of the amount allowed by FHA regulation.

11. A subclass exists for claims from six years prior to the filing of the complaint through the date of class certification which includes claims under the New Jersey Consumer Fraud Act and the New Jersey Truth-In-Consumer Contracts, Warranty and Notice Act.

12. The class damages sought by the Plaintiffs are to be aggregated for purposes of calculating the amount in controversy. The Plaintiff will be seeking actual damages, treble damages and punitive damages plus attorneys fees and costs of suit. The Plaintiffs anticipate that the damages will average $5000.00 per class member.

13. The Defendant has over 5000 foreclosures pending since 2006 in New Jersey alone. The class size is anticipated to be in excess of 3000 members. The total aggregated damages would be at least $15,000,000.00.

## BACKGROUND

14. The FHA insured mortgage and note dated January 31, 2000 executed by the Plaintiffs are documents signed under seal which were originated by Shelter Mortgage, LLC d/b/a Guaranty Northeast Mortgage.

15. Shapiro filed a foreclosure proceeding on behalf of Countrywide and WaMu, against the Plaintiffs on the mortgage on or about December 11, 2001 under Docket No. F-230 30-01.

16. A final judgment of foreclosure was entered on June 4, 2002 in the amount of $144,742.42 plus a counsel fee of $1,597.42. Exhibit A.

17.   The total allowed taxed costs including attorney fees was $2,181.42. Exhibit B.

18.   The Plaintiffs subsequently filed a Chapter 13 Bankruptcy.

19.   The Defendants filed a proof of claim in the amount of $24,652.69 in arrears plus a principle balance of $130,289.99 dated May 24, 2004. Exhibit C.

20.   WaMu participated in the preparation of the proof of claim statement.

21.   The proof of claim demanded attorney fees of $1,925 and costs of $1,898.44; a total of $3,823.44.

22.   Plaintiff paid the sums demanded in full on or about July 2007.

23.   The Defendants then dismissed the foreclosure action with prejudice and discharged the mortgage and Lis Pendens.

## FACTUAL ALLEGATIONS:
## DEFENDANT'S WRONGFUL CONDUCT

24.   At all times relevant hereto, COUNTRYWIDE, WAMU and Shapiro have engaged in a uniform scheme and course of conduct to inflate their profits by charging and collecting various fees not authorized by the loan documents or applicable law. The components of this scheme involve common tactics in which the Defendants have been overcharging defaulting borrowers of residential mortgages in the following manner, including but not limited to:

a) they charged attorneys fees and costs in excess of those actually incurred;

b)   costs of suit charged to the Plaintiff and class was excessive in violation of statute and court rule; Specifically, R 4:42-10 limits the taxable costs for

5

searches at a minimum of $75 to 1% of the amount due but in no case more than $500. In the instant case the amount allowed would be $500.

c) recording fees charged were excessive of the actual fee; i.e. to file and discharge a lis pendens the fee was $60.00

d) Overcharging for the service of process. The statutes and court rules limit the reimbursement to a maximum of $35 per defendant.

e) Charging the borrower for obtaining a certificate of regularity which is not a fee which can be charged to a borrower.

f) FHA regulations limit attorneys fees see 24 CFR 203.552(B) to a maximum of $1350 in New Jersey.

g) In addition the Plaintiffs contend that the defendants overcharged the class as follows:

    i.    over charging of sheriff's commissions by failing to properly credit deposits;

    ii.    charging excessive interest by continuing to charge the contract rate after a judgment of foreclosure was entered when entitled to the judgment interest rate;

## CLASS ACTION ALLEGATIONS

25.    The Plaintiffs repeat each and every previous allegation and incorporates them by reference herein as if they were set forth fully herein.

26.    The Plaintiffs bring this action on behalf of all persons similarly situated and pursuant to Fed. R.Civ.P. 23 as a class action on behalf of a statewide class of persons as defined below.

27.   The claims of the named class representative and the absent class members have a common origin and share a common basis. Their claims originate from the same illegal, fraudulent, unconscionable and/or negligent business practices of the Defendants, and the Defendants act in the same way toward the Individual Plaintiffs and the members of the class. As such, the individual Plaintiffs have been a victim of the unconscionable business practices.

28.   The actions of the Defendants are not isolated but represent a general and consistent business practice.

29.   The actions of the Defendants have affected similarly situated individuals throughout the State of New Jersey.

30.   The Plaintiffs propose a national class as 1) Individuals who have had FHA home loans held or serviced by the Defendant, COUNTRYWIDE and WAMU  from sixteen years prior to the filing of the complaint through the date of class certification; and 2)  who received a payoff or reinstatement statement from the Defendant whose home loan was in default; 3)and who were charged attorneys fees and/or other costs which were in excess of the amount actually incurred and/or in excess of the amount allowed by FHA regulation.

31.   The Plaintiffs propose a class as 1) Individuals who have had home loans held or serviced by the Defendant, COUNTRYWIDE in the State of New Jersey from sixteen years prior to the filing of the complaint through the date of class certification; and 2)  who received a payoff or reinstatement statement

7

from the Defendant whose home loan was in default; 3)and who were charged attorneys fees and/or other costs which were in excess of the amount actually incurred and/or in excess of the amount allowed by law.

    a)    A subclass exists for claims from six years prior to the filing of the complaint through the date of class certification which includes claims under the New Jersey Consumer Fraud Act and New Jersey Truth-In-Consumer Contracts, Warranty and Notice Act.

31.    The Plaintiffs propose a class as 1) Individuals who have had home loans held or serviced by the Defendant, WAMU in the State of New Jersey from sixteen years prior to the filing of the complaint through the date of class certification; and 2) who received a payoff or reinstatement statement from the Defendant whose home loan was in default; 3)and who were charged attorneys fees and/or other costs which were in excess of the amount actually incurred and/or in excess of the amount allowed by law.

    a)    A subclass exists for claims from six years prior to the filing of the complaint through the date of class certification which includes claims under the New Jersey Consumer Fraud Act and New Jersey Truth-In-Consumer Contracts, Warranty and Notice Act.

32.    The Plaintiffs propose a class as 1) Individuals who have had home loans which turned over to Shapiro for foreclosure proceedings in the State of New Jersey from six years prior to the filing of the complaint through the date of class certification; and 2) who received a payoff or reinstatement statement

from the Defendant whose home loan was in default; 3) and who were charged attorneys fees and/or other costs which were in excess of the amount actually incurred and/or in excess of the amount allowed by law.

33.   The proposed class representatives state a claim upon which relief can be granted that is typical of the claims of absent class members. If brought and prosecuted individually, the claims of each class member would necessarily require proof of the same material and substantive facts, rely upon the same remedial theories, and seek the same relief.

34.   The claims and remedial theories pursued by the named class representatives are sufficiently aligned with the interests of absent class members to ensure that the individual claims of the class will be prosecuted with diligence and care by the individual Plaintiffs as class representative.

35.   The class members are so numerous that joinder of all members is impracticable.   It is believed and therefore averred that there are over 1000 mortgages within each category of claims identified above and in each Count of this Complaint.

36.   The claims of the Plaintiffs are typical of the claims of each of the class members, and the Plaintiffs have no claim antagonistic to class members. They are aware that they cannot settle this action without Court approval. They have and will continue to vigorously pursue the class member claims.

37.   The Representative  Plaintiffs, DAVID AND MARIANNE RIVERA will fairly and adequately protect the interests of the class members. The Plaintiffs are committed to the vigorous representation of the class members and have

retained competent counsel experienced in the prosecution of complex and class action litigation.   Counsel have agreed to advance the costs of the litigation contingent upon the outcome.

38.   WAMU, COUNTRYWIDE and Shapiro have all acted on grounds generally applicable to the class members, thereby justifying relief against Defendants, WAMU, COUNTRYWIDE and Shapiro  for the class members as whole.

39.   A class action is superior to other methods for the fair and efficient adjudication of this controversy because prosecution of separate actions by mortgagors creates a high risk of inconsistent and varying adjudications, with inconsistent and varying results.  Furthermore, as the damages suffered by many individual class members may be relatively small in relation to the costs of litigation, the expense and burden of individual litigation make it difficult, if not impossible, for class members to individually redress the wrongs done to them.  Many, if not most, of the class members are unaware that claims exist against WAMU, COUNTRYWIDE and Shapiro.  There will be no unusual difficulty in the management of this class action.

40.   The named individual Plaintiffs are willing and prepared to serve the Court and proposed class in a representative capacity with all of the obligations and duties material thereto. The individual Plaintiffs will fairly and adequately protect the interests of the class and have no interests adverse to, or which directly and irrevocably conflict with, the interests of the other class members.

41. The self-interest of the named class representatives are co-extensive with and not antagonistic to those of the absent class members. The proposed representatives will undertake to well and truly protect the interests of the absent class members.

42. Questions of fact and law common to the class that predominate include but are not limited to:

> I. Did WAMU, and COUNTRYWIDE breach their contractual obligations to the class members by having imposed or collected amounts that are not due and owing by contract or applicable law including interest, default related fees, costs, attorneys fees and charges?

> II. Did WAMU, COUNTRYWIDE and Shapiro engage in unfair and/or deceptive acts and practices with respect to each Class member that includes one or more of the following:

>> a. Imposing and collecting unnecessary and excessive fees and charges not authorized by the loan documents or by applicable law;

>> b. Imposing and collecting excessive interest;

>> c. Misleading or otherwise misinforming customers about the amounts properly due and owing;

>> d. Engaging in conduct that violates state and federal consumer protection laws; and

        e.       **Harassing or otherwise treating customers unfairly and without regard to obligations of good faith and fair dealing.**

IV.     Did WAMU, and COUNTRYWIDE engage in unfair and/or deceptive acts and practices in violation of the New Jersey Consumer Fraud Act with respect to each Class member that includes one or more of the following:

        a.       Imposing and collecting unnecessary and excessive fees and charges not authorized by the loan documents or by applicable law;

        b.       Imposing and collecting excessive interest;

        c.       Misleading or otherwise misinforming customers about the amounts properly due and owing;

        d.       Engaging in conduct that violates state and federal consumer protection laws; and

        e.       Harassing or otherwise treating customers unfairly and without regard to obligations of good faith and fair dealing.

V.     Did WAMU, COUNTRYWIDE and Shapiro represent to the Plaintiffs that they are entitled to collect various loan charges that were not legally due and owing?

VI.     Did WAMU, COUNTRYWIDE and Shapiro collect monies that are not due and owing under applicable law which resulted in unjust enrichment of the Defendants WAMU, COUNTRYWIDE and Shapiro?

## COUNT ONE

## BREACH OF CONTRACT-WAMU and COUNTRYWIDE

43.    Plaintiffs reallege and incorporate by reference all preceding allegations of law and fact as if they were set forth fully herein.

44.    Defendant WAMU as servicer of the Plaintiffs' loan is for all relevant times an agent of Defendant COUNTRYWIDE.

45.    Defendants', WAMU and COUNTRYWIDE, loans are evidenced by standard form notes and mortgages, the relevant provisions of which are uniform. See Paragraph 6(c) of the note and paragraph 10 & 18 of the mortgage.

46.    Specifically, the mortgage and note provide that the FHA regulations set the maximum allowed attorneys fees of $1300 (at the time of the instant foreclosure) and the actual cost of out-of-pocket expenses to be reimbursed by the borrower. See 24 CFR 203.552(b).

47.    WAMU and COUNTRYWIDE have imposed or collected amounts that are not due and owing by contract or applicable law including interest, default related fees, costs of suit, attorneys fees and other charges.

48.    WAMU and COUNTRYWIDE failed to disclose in advance to the Plaintiffs the amount of any fees or costs which may be charged to their in connection with their mortgage.

49.    WAMU and COUNTRYWIDE have breached its contracts with Plaintiffs and members of the class. Specifically, the note and mortgage only allow WAMU and COUNTRYWIDE to be reimbursed for actual expenses

13

incurred. The note and mortgage make no provision for WAMU and COUNTRYWIDE to receive any money in excess of the amount actually incurred.

50.     Plaintiffs and Class members are entitled to relief for breach of contract.

## COUNT II

### NEGLIGENCE- WAMU, COUNTRYWIDE and Shapiro

51.     Plaintiffs reallege and incorporate by reference all preceding allegations of law and fact as if they were set forth fully herein.

52.     WAMU, COUNTRYWIDE and Shapiro owed Plaintiffs and other Class members a duty of care with respect to servicing their mortgage loans since those loans were secured by an interest in each homeowners' family residence and that lack of care would result in overpayments causing great hardship to Plaintiffs and members of the class.

53.     WAMU, COUNTRYWIDE and Shapiro's conduct with respect to Plaintiffs and other Class members was far below applicable standards for mortgage loan servicing.

54.     WAMU, COUNTRYWIDE and Shapiro's conduct was negligent with respect to Plaintiffs and other Class members.

55.     As a direct and proximate result of the negligence listed above Plaintiffs and the other Class members have suffered damages and are entitled to relief for WAMU, COUNTRYWIDE and Shapiro's negligence.

## COUNT III

### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING
### WAMU, COUNTRYWIDE and Shapiro

56.   Plaintiffs reallege and incorporate by reference all preceding allegations of law and fact as if they were set forth fully herein.

57.   New Jersey recognizes a duty of good faith and fair dealing with respect to conduct encompassed by contractual relations.

58.   Shapiro as the attorney for WAMU and COUNTRYWIDE was at all relevant times an agent for WAMU and COUNTRYWIDE.

59.   Defendant WAMU as servicer of the Plaintiffs' loan is for all relevant times an agent of Defendant COUNTRYWIDE.

60.   WAMU, COUNTRYWIDE and Shapiro's conduct as aforesaid breached said duty.

61.   Plaintiffs and members of the Class are entitled to relief for WAMU, COUNTRYWIDE and Shapiro's breach.

### COUNT IV:  UNJUST ENRICHMENT

### WAMU, COUNTRYWIDE and Shapiro

62.   Plaintiffs reallege and incorporates by reference all preceding allegations of law and fact as if they were set forth fully herein.

63.     WAMU, COUNTRYWIDE and Shapiro have engaged in unlawful collection activities.

64.     WAMU, COUNTRYWIDE and Shapiro have collected monies that are not due and owing under applicable contract law, because the contract or other applicable law does not permit WAMU, COUNTRYWIDE and Shapiro to collect such fees and charges.

65.     Said conduct sounds in equity under the common law of unjust enrichment, money had & received, and constructive trust.

66.     WAMU, COUNTRYWIDE and Shapiro have been unjustly enriched by its conduct.

67.     Plaintiffs and Class members have suffered loss by virtue of WAMU, COUNTRYWIDE and Shapiro's conduct.

68.     Plaintiffs and members of the Class are entitled to relief for unjust enrichment.

**COUNT V:**

**UNFAIR AND DECEPTIVE ASSESSMENT AND COLLECTION OF FEES**

**WAMU, COUNTRYWIDE**

69. Plaintiffs incorporate by reference all the foregoing paragraphs.

70. In the course and conduct of their loan servicing and collection, Defendants in numerous instances, have represented, expressly or by implication, that fees assessed and collected by WAMU, and COUNTRYWIDE were (a) allowed under, the mortgage contract and (b) permitted by law.

71. On numerous occasions, the fees assessed and collected by WAMU, COUNTRYWIDE were (a) not allowed under the mortgage contract or (b) not permitted by law. Nonetheless, WAMU, and COUNTRYWIDE improperly assessed and collected these fees.

72. The actions of Defendants have caused and are likely to cause substantial injury to consumers. This injury is not reasonably avoidable by consumers and not outweighed by countervailing benefits to consumers or competition.

73. The acts or practices of Defendants constitute unfair and deceptive acts or practices in or affecting commerce in violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. §45(a) which constitutes a violation of the New Jersey Consumer Fraud Act and are therefore actionable by the Plaintiff.

## COUNT VI

### FAIR FORECLOSURE ACT
### WAMU and COUNTRYWIDE

74.    The Plaintiffs repeat each and every allegation of the previous paragraphs and incorporate them by reference herein as if they were set forth fully herein.

75.    N.J.S.A. 2A:50-57 (b)(3) prohibits the charging of attorneys fees and costs in excess of those allowed by the New Jersey court rules.

76.    The charges for costs and attorneys fees of the Defendants were in excess of the amount allowed pursuant to the statute and court rule R 4:42-9(a)(4).

17

77.     These actions constitute unconscionable business practices under the New Jersey Consumer Fraud Act which provides for a specific relief.

78.     The Plaintiffs demand a return of the excess charges.

## COUNT VII

### NEW JERSEY STATE COURT RULE
### WAMU and COUNTRYWIDE

79.     The Plaintiffs repeat each and every allegation of the previous count and incorporate them by reference herein.

80.     The Defendants' charges for costs and attorneys fees of the Defendants were in excess of the amount allowed by the New Jersey court rules including but not limited to R 4:42-9(a)(4) and R 4:42-10 (a).

81.     These actions constitute unconscionable business practices under the New Jersey Consumer Fraud Act which provides for specific relief.

82.     The Plaintiffs request the return of the excess charges with interest.

## COUNT VIII

### NEW JERSEY CONSUMER FRAUD ACT
### WAMU and COUNTRYWIDE

83.     The Plaintiffs repeat each and every allegation of the previous counts and incorporate them by reference herein as if they were set forth fully herein.

84.     The Defendants, WAMU and COUNTRYWIDE have charged the illegal and/or excessive charges as outlined previously. The previously outlined actions by the Defendants, WAMU and COUNTRYWIDE are violations of

rules, regulations and statutes for which the Defendants are strictly liable under the Act.

85. The Plaintiffs have suffered an ascertainable loss of at least $575 calculated based on the following overcharges: $575 for attorneys fees; as the other charges were not itemized it is likely there are other charges as well.

86. The actions of the Defendants constitute unconscionable business practices in violation of the New Jersey Consumer Fraud Act. N.J.S.A. 56:8-2 et .seq.

## COUNT IX

### Truth-In-Consumer Contract, Warranty and Notice Act
### WAMU and COUNTRYWIDE

87. The Plaintiffs repeat each and every allegation of the previous counts and incorporate them by reference herein as if they were set forth fully herein.

88. The Defendants', WAMU and COUNTRYWIDE, notice included illegal and/or excessive charges on the loan; specifically by charging excessive costs of suit, excessive attorneys fees, and illegal late charges as outlined previously.

89. The notice which demanded such illegal payments is a violation of the Truth-In-Consumer Contracts, Warranty and Notice Act. N.J.S.A. 56:12-14

90. The Plaintiffs have been injured as a direct and proximate result of the Defendant's actions.

## COUNT X

### John Doe Parties

91.    In addition to the persons named as Defendants,   there may be others whose names are unknown to the Plaintiffs and/or after diligent inquiry have not been able to ascertain. They are made parties to this action under the designation of John Does.

92.    John Doe Servicer 1-100 are the unknown servicers of mortgages held by the Defendant COUNTRYWIDE and/or Defendant WAMU.

93.    John Doe Law Firm 1-100 are the unknown law firms which have represented COUNTRYWIDE, WAMU or any of its Servicers.


### PRAYER FOR RELIEF

Wherefore  Plaintiffs request that this court certify a class and award:

1.    Actual, special, and general damages according to proof;

2.    Statutory damages and penalties;

3.    Restitution and disgorgement according to proof;

4.    Injunctive relief against Defendants Shapiro, Countrywide and WaMu to ensure uniform standards of servicing conduct towards all class members and to prevent future wrongful conduct;

5.    Prejudgment interest at the maximum legal rate;

6.    Punitive, exemplary and enhanced damages according to proof;

7.    Statutory punitive treble damages;

8.    An accounting;

9.    Declaratory Judgment as necessary to correct the wrongs inflicted on them;

10.   Litigation Expenses and Costs of the proceedings herein;

11.   Reasonable attorneys' fees; and

12.   All such other further relief as the Court deems just.

### DESIGNATION OF TRIAL COUNSEL

The undersigned, Roger C. Mattson, Esq., and Lewis G. Adler, Esq. are designated as trial counsel.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff hereby demands a trial by jury as to all issues of fact and/or law.

Dated: _____1/2/09_____

/s/ Roger C. Mattson, Esquire_____
ROGER C. MATTSON, ESQ.
Attorney for Plaintiff

# Exhibit A

FLO01-41614
SHAPIRO & DIAZ, LLP
406 LIPPINCOTT DRIVE, SUITE J
MARLTON, NJ 08053
(856) 810-1700
ATTORNEY FOR PLAINTIFF

**FILED**
SUPERIOR COURT OF NJ

**JUN 0 4 2002**

D.F.P.

| | |
|---|---|
| WASHINGTON MUTUAL HOME LOANS, INC., SUCCESSOR IN INTEREST BY MERGER TO FLEET MORTGAGE CORP | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION CAMDEN COUNTY |
| PLAINTIFF, | |
| vs. | Docket No: F-23030-01 |
| DAVID A. RIVERA AND MARIANNE M. RIVERA, HIS WIFE; STATE OF NEW JERSEY; LEASECOMM CORPORATION; | CIVIL ACTION FINAL JUDGMENT FOR FORECLOSURE |
| DEFENDANTS | |

Upon application of the Plaintiff and it appearing that the default of all defendants having been entered; and the Plaintiff's bond or note and mortgage, and assignment, if any, having been presented and marked as exhibits by the court;

And it appearing from the Certifications filed herein that there is due to the Plaintiff the sum of $144742.42 on its mortgage described in the complaint together with lawful interest thereon to be computed from April 2, 2002, together with costs of this action to be taxed, raised and paid out of the mortgaged premises described in the complaint;

And it appearing that the order and priority of the answering defendant(s) cannot be determined at this time and sufficient cause appearing;

It is, on this        4th        day of        June                ,2002,

ORDERED AND ADJUDGED that the Plaintiff is entitled to have the sum of

$144742.42 together with lawful interest thereon to be computed from April 2, 2002, together with costs of this suit to be taxed, including a counsel fee of $1597.42 _____ raised and paid out of the mortgaged premises described in the complaint.

And it is further ORDERED AND ADJUDGED that so much of the said mortgage premises as will be sufficient to raise and satisfy the said mortgage, interest and costs of the Plaintiff be sold and that an execution do issue for that purpose out of this court directed to the Sheriff of the County of CAMDEN commanding him to make sale according to law of so much of the mortgaged premises as will be sufficient to satisfy the said mortgage, interest and costs of the plaintiff and that he pay out of the proceeds of sale to the plaintiff or its attorneys, its debt, interest and costs and that in case there is a surplus, the same shall be brought into this court and deposited with the Clerk subject to the order of this court; and that the said Sheriff make his report to this court of the sale as required by the rules of the court.

And it is further ORDERED AND ADJUDGED that the Plaintiff or Purchaser duly recover against the said defendants, DAVID A. RIVERA AND MARIANNE M. RIVERA, HIS WIFE or any one holding under them possession of the premises mentioned and described in the said complaint with the appurtenances and that a Writ of Possession issue thereon. This judgement shall not affect the rights of any person protected by the New Jersey Tenant Anti-Eviction Act (NJSA 2A:18-61.1 et seq.).

And it is further ORDERED AND ADJUDGED that all the defendants to this action and each of them stand absolutely debarred and foreclosed of and from all redemption of, in and to so much as the said mortgaged premises as shall be sold as aforesaid under this judgment except as provided by 28 U.S.C. Section 2410.

Respectfully recommended
R. 1:34-6 OFFICE OF FORECLOSURE

NEIL H. SHUSTER, P.J. Ch.

# Exhibit B

# Superior Court of New Jersey

DOCKET NO. F- 23030-01

**CHANCERY DIVISION**
CAMDEN **COUNTY**

COSTS OF: PLAINTIFF-

PLAINTIFF

vs.

DEFENDANT-

DEFENDANT

| | |
|---|---|
| ATTORNEY'S ALLOWANCE BY STATUTE | $ 50.00 |
| FILING FEES PAID TO CLERK | 175.00 |
| COUNSEL FEE ALLOWED UNDER R.4:42-9 | 1597.42 |
| SHERIFF'S FEES FOR SERVICE | |
| SEARCH COSTS ALLOWED UNDER R.4:42-10 | 345.00 |
| PRINTING COSTS FOR PUBLICATION | |
| COST OF FILING LIS PENDENS | 3.00 |
| MOTIONS | |
| OTHER | 12.00 |
| TOTAL COSTS | $ 2187.42 |

DATE TAXED AND FILED: JUNE 4 , 2002

ATTORNEY SHAPIRO & DIAZ

Donald F. Phelan

**CLERK, SUPERIOR COURT**

-156- (2/97)

# Exhibit C

FORM B10

Case Number:

# UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY DISTRICT OF NJ

**PROOF OF CLAIM**

| Name of Debtor: DAVID A. RIVERA and MARIANNE M. RIVERA | Case Number 04-22865/JHW |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property): WASHINGTON MUTUAL BANK, FA

Name and address where notices should be sent:
WASHINGTON MUTUAL BANK, FA, P.O. Box 1169, Milwaukee, Wisconsin 53201-1160

All Payments to: WASHINGTON MUTUAL BANK, FA

Attn: Default Cash Processing - Alltel

9601 McAllister Freeway

San Antonio, TX 78216

Telephone Number: 414-359-XXXX/

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

*This space is for Court Use Only*

Account or other number by which creditor identifies debtor:
Loan Number: 8018587207 Atty File #: 01-41614

Check here if ☐ replaces
this claim ☐ amends a previously filed claim, dated:

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☒ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other: _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)

Your Social Security number _____-____-_____

Unpaid compensation for services performed

from _____ to _____
    (date)        (date)

**2. Date Debt was incurred** January 31, 2000

**3. If court judgment, date obtained:**

**4. Total Amount of Claim** $ 130,289.99 Principal Balance Only
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

**5. Secured Claim**
☒ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☒ Real Estate     ☐ Motor Vehicle
☐ Other: _____

Note on: 2203 BEACON HILL DRIVE, SICKLERVILLE, NJ 08081
Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed
included in secured claim, if any $24,652.96

**6. Unsecured Priority Claim**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4300),* earned within 90 days within filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier -11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a-_____).

*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**8. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date May 27, 2004 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): By: Linda A. Hynes, Esq for WASHINGTON MUTUAL BANK, FA Shapiro & Diaz, LLP, 406 Lippincott Drive, Suite J, Marlton, NJ 08053 (856) 810-1700 Fax: (856) 810-1626 | All creditors and their counsel who file a proof of claim are required to serve by first class mail a true copy of such proof of claim and all attachments thereto upon the Debtors Counsel or Record whose address is shown on the Notice of the Creditors Meeting. | Mail Executed Proof to |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

* Show Creditors SS# or Tax ID # and Office Code Here: _____
(Bank shows Bank Routing Number)

(To be used solely for purpose of processing claim.
If number not shown, claim cannot be processed.)

# UNITED STATES BANKRUPTCY COURT
## District Of New Jersey District of NJ
## EXHIBIT 'A'

In Re:　DAVID A. RIVERA and
　　　　MARIANNE M. RIVERA

Principal Balance:　$130,289.99　　　　　BK Case #:　04-22865/JHW

Pre-Petition
Payments Due From:　April 1, 2003 - April 1, 2004　　　Date on　May 27, 2004
　　　　　　　　　　　　　　　　　　　　　　　　　　　POC:

Client:　WASHINGTON MUTUAL BANK, FA

| | | | |
|---|---|---|---|
| No. of Months 13 | X Monthly Payment of | $1,524.78 | = $19,822.14 |
| No. of Months 04 | X Monthly Late Charge of | $30.50 | = $122.00 |
| No. of Months 01 | X Monthly Late Charge of | $30.50 | = $30.50 |

| | |
|---|---|
| Unapplied/Suspense | = $0.00 |
| Accrued Late Charges | = $773.87 |
| Appraisal Fees | = $0.00 |
| NSF Check Charges | = $0.00 |
| Property Inspection | = $109.30 |
| Property Preservation | = $0.00 |

Other:　REIMBURSED THRU THE PRIOR BKY @ $-853.29

Other:　PRIOR BKY FEES/COSTS @ $825.00

　　　　　　　　　　　　　　　　　TOTAL　=　$20,829.52

| | |
|---|---|
| Bankruptcy Fees | = $375.00* |
| Bankruptcy Costs | = $0.00 |
| Prior Foreclosure Fees | = $1,550.00 |
| Prior Foreclosure Costs | = $1,898.44 |

TOTAL PRE-PETITION ARREARAGES AND ATTORNEY
FEES AND COSTS DUE FOR PROOF OF CLAIM　　=　$24,652.96

Creditor:
WASHINGTON MUTUAL BANK, FA
P.O. Box 1169, Milwaukee, Wisconsin 53201-1169

Attorney:
Linda A. Hynes, Esq
Shapiro & Diaz, LLP, 406 Lippincott Drive, Suite J, Marlton, NJ 08053
(856) 810-1700 Fax: (856) 810-1626