SCHWARTZ SIMON
EDELSTEIN CELSO & ZITOMER LLC
By:    Patrick D. Tobia, Esq.
44 Whippany Road, Suite 210
P.O. Box 2355
Morristown, New Jersey 07962
(973) 301-0001
Attorneys for Defendant, Shapiro & Diaz
n/k/a Shapiro & Perez, LLP

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DAVID and MARIANNE RIVERA, | CIVIL ACTION NO. 09-00021 (JEI) (JS) |
| Plaintiffs, | |
| vs. | |
| WASHINGTON MUTUAL FSB, COUNTRYWIDE HOME LOANS and SHAPIRO & DIAZ, JOHN DOE SERVICERS 1-100 AND JOHN DOE LAW FIRMS 1-100 | |
| Defendants. | |

## DEFENDANT SHAPIRO & DIAZ'S BRIEF IN SUPPORT OF
## ITS MOTION TO DISMISS THE COMPLAINT

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ........................................................................ 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY.................................... 3

LEGAL ARGUMENT....................................................................................... 5

    POINT I ........................................................................................................ 5

        PLAINTIFFS' CLAIMS AGAINST SHAPIRO & DIAZ CONCERNING
        ALLEGED IMPROPER COLLECTION OF ATTORNEYS' FEES ARE
        BARRED BY THE ROOKER-FELDMAN DOCTRINE.................................. 5

    POINT II ....................................................................................................... 7

        PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE
        GRANTED AS THESE CLAIMS CONCERNING ATTORNEYS' FEES
        SHOULD HAVE BEEN RAISED IN THE CONTEXT OF THE BANKRUPTCY
        PROCEEDING ...................................................................................... 7

    POINT III....................................................................................................... 8

        EVEN IF PLAINTIFFS' CLAIMS FALL OUTSIDE THE AMBIT OFTHE
        STATE FORECLOSURE PROCEEDING AND THE  BANKRUPTCY CASE,
        PLAINTIFFS' CLAIMS ARE BARRED BY THE VOLUNTARY PAYMENT
        DOCTRINE .......................................................................................... 8

    POINT IV....................................................................................................... 9

        SHAPIRO & DIAZ OWED NO DUTY TO PLAINTIFFS ............................. 9

    POINT V ....................................................................................................... 10

        THE LEGAL STANDARD FOR THIS MOTION TO DISMISS IS SATISFIED.......... 10

CONCLUSION................................................................................................ 12

## TABLE OF AUTHORITIES

### Federal Cases

Blake v. Papadakos, 953 F.2d 68 (3d Cir. 1992) ...................................................... 5, 6

FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834 (3d Cir. 1996) ................ 5-6

Guarino v. Larsen, 11 F.3d 1151 (3d Cir. 1993) ........................................................ 5

In re Berry, 85 B.R. 367 (Bankr. W. D. Pa. 1988) ..................................................... 8

In re Klassen, 227 B.R. 187 (Bankr. D. Kan. 1998) ................................................... 7

In re Knapper, 407 F.3d 573 (3d Cir. 2005) ............................................................ 5

In re Lewis, 97 F.3d 1182 (9th Cir. 1996) ............................................................ 8

In re Momentum Mfg. Corp., 25 F.3d 1132 (2d Cir. 1994) ............................................ 8

In re Nugent, 254 B.R. 14 (Bankr. D.N.J. 1998) ....................................................... 6

In re Stewart, 215 B.R. 633 (Bankr. M.D. Fla. 1997) ................................................. 7

In re Telegroup, Inc., 237 B.R. 87 (Bankr. D.N.J. 1999) ............................................. 7

In re Woodmar Realty Co., 384 F.2d 776 (7th Cir.), cert. den. 389 U.S. 1040 (1967) ................ 8

Neitzke v. Williams, 490 U.S. 319 (1989) .............................................................. 11

Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192 (3d Cir. 1993) ......... 11

Scheuer v. Rhodes, 416 U.S. 232 (1974) ................................................................ 11

Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410
    (3d Cir. 1999) ......................................................................................... 11

Syncsort Inc. v. Sequential Software Inc., 50 F. Supp.2d 318 (D.N.J. 1999) ........................ 11

Trump Hotels & Casino Resorts Inc. v. Mirage Resorts Inc., 140 F.3d 478 (3d. Cir. 1998) ....... 11

Walker v. Horn, 385 F.3d 321 (3d Cir. 2004) ........................................................... 6

### State Cases

Flammia v. Maller, 66 N.J. Super. 440 (App. Div. 1961) .............................................. 9

Messner v. County of Union, 34 N.J. 233 (1961) ....................................................... 9

United Jersey Bank v. Kensey, 306 N.J. Super. 540 (App. Div. 1997) ............................... 10

**Federal Statutes**

11 U.S.C. §§ 501-502 ................................................................................................ 7

11 U.S.C. §§ 523, 524 ............................................................................................... 8

**Federal Rules**

Fed. R. Civ. P. 12(b)(6)....................................................................................... 1, 10, 11

## PRELIMINARY STATEMENT

Shapiro & Diaz, now known as Shapiro & Perez, LLP ("Shapiro"), moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the complaint of David and Marianne Rivera ("Plaintiffs"). The claims asserted against Shapiro center on the allegation that Shapiro represented Countrywide Home Loans ("Countrywide") and Washington Mutual Bank ("Washington Mutual") in state court foreclosure proceedings and collected sums relating to attorneys' fees on behalf of its clients in excess of that provided by statute, court rule and the Judgment of Foreclosure. Case law holds that it is improper to litigate in federal court any claim already adjudicated in a state court proceeding. In addition, any dispute Plaintiffs may have had concerning attorneys' fees should have been brought in the forum in which those fees were at issue. Moreover, Plaintiffs' specific assent to pay the attorneys' fees bars them from challenging their validity now. Plaintiffs' attempt to collaterally attack those fees years after the fact is improper, and the complaint should be dismissed as against Shapiro.

The complaint should be dismissed because claims that were adjudicated in state court are not properly brought for re-litigation before a federal court. The *Rooker-Feldman* doctrine specifically stands for the proposition that federal district courts lack subject matter jurisdiction to review final adjudications of state court matters. The issue of attorneys' fees was determined in the state court foreclosure proceeding, and if Plaintiffs wanted to challenge the amount of the fees their remedy was with the state court which heard the foreclosure matter. Their attempt to now re-litigate this issue is improper, and the complaint should be dismissed.

Secondly, even if Plaintiffs could have raised an objection to the attorneys' fees in a different forum, that forum was the bankruptcy court in which a proof of claim asserted those fees had been filed. Bankruptcy law holds that any challenge to the amount set forth in a proof of claim must be asserted in the context of the bankruptcy case. Plaintiffs' failure to challenge

the amount of fees in the bankruptcy case precludes them from asserting such a challenge now. Therefore, the complaint should be dismissed.

Alternatively, even if Plaintiffs were not barred from asserting their claim concerning the payment of attorneys' fees by issue preclusion and the *Rooker-Feldman* doctrine, Plaintiffs are barred from challenging the payment of those fees by the voluntary payment doctrine. Plaintiffs specific assent to pay those fees bars them from thereafter challenging the fees they agreed to pay. In addition, Shapiro owed no duty to Plaintiffs which would support a claim of breach. Therefore, the complaint should be dismissed.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On January 31, 2000, Plaintiffs obtained a loan to purchase a home. See Amended Complaint, annexed to Certification of Patrick D. Tobia ("Tobia Cert.") as Exhibit A, ¶14. Shapiro instituted a foreclosure proceeding against Plaintiffs on December 11, 2001 on behalf of co-defendants Countrywide and Washington Mutual. Tobia Cert., Exhibit A, ¶15. On June 4, 2002, a final judgment of foreclosure was entered. Tobia Cert., Exhibit A, ¶16. The foreclosure judgment totaled $144,742.42 plus counsel fees of $1,597.42. Id. The total allowed taxed costs including attorneys' fees was $2,181.42. Tobia Cert., Exhibit A, ¶17.

Thereafter, Plaintiffs filed a Chapter 13 petition in bankruptcy. Tobia Cert., Exhibit A, ¶18. Shapiro filed a proof of claim on or about May 27, 2004, on behalf of Washington Mutual for $130,289.99 in the principal balance plus $24,652.96 in arrearages then to date. Tobia Cert., Exhibit A, ¶19 and proof of claim annexed thereto as Exhibit C. The proof of claim also demanded attorneys' fees and costs totaling $3,823.44. Tobia Cert., Exhibit A, ¶21.

During the bankruptcy case, Shapiro, on behalf of Washington Mutual, filed a motion for relief from the automatic stay due to Plaintiffs' failure to make certain payments and sought counsel fees and other costs in connection with the motion. See Tobia Cert., Exhibit B. Plaintiffs settled the issue, agreeing to pay the past-due amounts and the attorneys' fees and costs. See Tobia Cert., Exhibit C. In July 2007, Plaintiffs paid the remaining balance of fees and costs. Tobia Cert., Exhibit A, ¶22. Thereafter, the foreclosure action was dismissed with prejudice. Tobia Cert., Exhibit A, ¶23. While Plaintiffs' bankruptcy case was dismissed on August 22, 2007, on December 12, 2007, Plaintiffs reinstated their Chapter 13 bankruptcy and converted the case to a Chapter 7 proceeding. See Tobia Cert., Exhibit D. Plaintiffs were discharged from bankruptcy on March 14, 2008. See Tobia Cert., Exhibit E.

Plaintiffs instituted this action on or about January 2, 2009. An amended complaint was filed on or about February 1, 2009. The amended complaint asserted the following causes of action as against Shapiro:

| | |
|---|---|
| Count II | Negligence |
| Count III | Breach of Duty of Good Faith and Fair Dealing |
| Count IV | Unjust Enrichment |

Shapiro now moves to dismiss these claims.

## LEGAL ARGUMENT

## POINT I

### PLAINTIFFS' CLAIMS AGAINST SHAPIRO & DIAZ CONCERNING ALLEGED IMPROPER COLLECTION OF ATTORNEYS' FEES ARE BARRED BY THE ROOKER-FELDMAN DOCTRINE

The complaint should be dismissed because the claims Plaintiffs assert were already adjudicated in state court. Pursuant to the *Rooker-Feldman* doctrine, claims previously adjudicated in state court are not properly brought for re-litigation before a federal court. The *Rooker-Feldman* doctrine specifically stands for the proposition that federal district courts lack subject matter jurisdiction to review final adjudications of state court matters. Since the issue of attorneys' fees was determined in the state foreclosure proceeding, Plaintiffs may not re-litigate this claim in the federal district court. Therefore, the complaint should be dismissed as against Shapiro.

In accordance with the *Rooker-Feldman* doctrine, "federal district courts lack subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are 'inextricably linked with the state court's [decision] in a judicial proceeding.'" Blake v. Papadakos, 953 F.2d 68, 71 (3d Cir. 1992). The application of *Rooker-Feldman* has been extended to final decisions of lower state courts. In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005). The doctrine has its underpinnings in the respect for state court decisions and concerns over finality of judgments. Guarino v. Larsen, 11 F.3d 1151, 1156-57 (3d Cir. 1993). It "prohibits federal district courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling." In re Knapper, supra, at 580. This prohibition stems from Congress' grant of original, not appellate, jurisdiction upon federal district courts. See FOCUS v. Allegheny County Court

of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996); see also In re Nugent, 254 B.R. 14, 31
(Bankr. D.N.J. 1998).

The *Rooker-Feldman* doctrine applies to bar a claim in two circumstances: when the
claim was actually litigated in the state court prior to the federal court filing or when the claim is
inextricably intertwined with the state court adjudication. Blake, supra, at 71. A federal claim is
inextricably intertwined with an issue adjudicated in the state court when (1) the federal court
must determine that the state court judgment was erroneously entered in order to grant the
requested relief, or (2) the federal court must take an action that would negate the state court's
judgment. In other words, Rooker-Feldman does not allow a plaintiff to seek relief that, if
granted, would prevent a state court from enforcing its orders. See Walker v. Horn, 385 F.3d
321, 330 (3d Cir. 2004). Moreover, the doctrine of *res judicata* bars re-litigation of any claim
that could have been raised in the prior action even if it were not so raised. See Nugent, supra, at
22.

Plaintiffs are barred from attempting to have this court review the issue of attorneys' fees
in this matter which was determined in the state foreclosure proceeding. The issue of attorneys'
fees was specifically determined in that proceeding or, at a minimum, was inextricably
intertwined with the foreclosure case. The court specifically ordered the payment of attorneys'
fees in the foreclosure case. If Plaintiffs wanted to challenge the amount of the fees, their
remedy was with the court which heard the foreclosure matter. Their attempt to now re-litigate
this issue is improper pursuant to the *Rooker-Feldman* doctrine, and the complaint should be
dismissed.

## POINT II

## PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AS THESE CLAIMS CONCERNING ATTORNEYS' FEES SHOULD HAVE BEEN RAISED IN THE CONTEXT OF THE BANKRUPTCY PROCEEDING

Shapiro joins in the argument set forth in Section I.C. of the brief in support of the motion to dismiss filed on behalf of Countrywide (Docket Entry No. 9) and adds the following additional arguments.

Plaintiffs' failure to raise the issue of attorneys' fees in the context of the bankruptcy proceeding is also fatal to their claims, and the complaint should be dismissed. Even if Plaintiffs were somehow permitted to challenge the amount of attorneys' fees outside the context of the foreclosure proceeding, such a challenge should have been asserted in the bankruptcy proceeding. Plaintiffs do not have a private right of action to challenge the amount set forth in the proof of claim filed in the bankruptcy case outside of the bankruptcy case itself. Therefore, the complaint should be dismissed as against Shapiro.

Plaintiffs should have brought any objection they had to the attorneys' fees within the scope of the bankruptcy case. To the extent the "offending conduct" of which Plaintiffs complain occurred while the bankruptcy case was pending, and Plaintiffs later were granted a discharge in bankruptcy, then the legitimacy of the attorneys' fees was solely within the purview of the bankruptcy court.

A proof of claim filed by a creditor is presumptively valid until challenged by a debtor. See In re Telegroup, Inc., 237 B.R. 87, 92 (Bankr. D.N.J. 1999); In re Klassen, 227 B.R. 187, 190 (Bankr. D. Kan. 1998); see also 11 U.S.C. §§ 501-502. A debtor may challenge the validity of a proof of claim via objection or adversary proceeding.  In re Stewart, 215 B.R. 633 (Bankr. M.D. Fla. 1997).  It is clear, however, that challenges as to the inclusion of alleged "illegal

interest" and "dead or non-existing lien claimants" should be made at the time the claims were allowed. See In re Woodmar Realty Co., 384 F.2d 776 (7th Cir.), cert. den. 389 U.S. 1040 (1967). Moreover, a debtor is equitably estopped from denying payments when its actions fairly communicate its intention to pay. See In re Momentum Mfg. Corp., 25 F.3d 1132 (2d Cir. 1994). In addition, a discharge in bankruptcy operates to release a debtor from personal liability for the repayment of his or her debts. See, e.g., In re Lewis, 97 F.3d 1182, 1185 (9th Cir. 1996); In re Berry, 85 B.R. 367, 369 (Bankr. W. D. Pa. 1988).

In this case, any opportunity Plaintiffs had to challenge the amount of attorneys' fees outside the realm of the foreclosure proceedings, arose in the context of the bankruptcy case. There, if Plaintiffs opposed the proof of claim submitted in the bankruptcy case, they should have filed an objection, or an adversary proceeding, to contest the validity of the proof of claim. Having failed to raise the issue within the bankruptcy case, Plaintiffs cannot properly bring this matter in the current litigation. It would be inequitable and a misuse of the Bankruptcy Code to prohibit creditors from subsequently bringing an action against a debtor as to a debt, while at the same time permitting a debtor to challenge his or debt against a creditor. The instant action is repugnant to the Bankruptcy Code provisions concerning discharge of a debtor (see, e.g., 11 U.S.C. §§ 523, 524) and should be dismissed.

## POINT III

### EVEN IF PLAINTIFFS' CLAIMS FALL OUTSIDE THE AMBIT OF THE STATE FORECLOSURE PROCEEDING AND THE BANKRUPTCY CASE, PLAINTIFFS' CLAIMS ARE BARRED BY THE VOLUNTARY PAYMENT DOCTRINE

Plaintiffs' claims against Shapiro should be dismissed by application of the voluntary payment doctrine. Should the Court determine that Plaintiffs have a remedy concerning the issue of attorneys' fees outside the ambit of the foreclosure proceeding and bankruptcy case, which

Shapiro does not concede, Shapiro asserts that Plaintiffs' claims are barred by the voluntary payment doctrine, which applies when a party voluntarily agrees to pay a certain previously-disclosed sum. Therefore, the complaint should be dismissed.

The voluntary payment doctrine provides that when payments are made "under a mistake of law or in ignorance of law, but with full knowledge of the facts," those payments cannot be recovered in the absence of fraud, duress, unjust enrichment or improper conduct. See Messner v. County of Union, 34 N.J. 233, 235-36 (1961); Flammia v. Maller, 66 N.J. Super. 440, 459 (App. Div. 1961). Pursuant to this well-established doctrine, "a mistake of law occurs where a person is truly acquainted with the existence or non-existence of facts, but is ignorant of or comes to an erroneous conclusion as to their legal effect." Flammia, supra, at 459.

In this case, Plaintiffs' allegations demonstrate a voluntary payment of the now-disputed fees without any semblance of fraud, duress, unjust enrichment or improper conduct. See Tobia Cert., Exhibit A, ¶22. Plaintiffs have not alleged any fraudulent or improper conduct on the part of Shapiro. Plaintiffs had an attorney and at least two forums (the foreclosure and bankruptcy cases) to contest the issue of the fees. Moreover, Shapiro was not unjustly enriched – Shapiro would have received payment for its fees no matter who paid them; the burden for those fees was only shifted to Plaintiffs at Countrywide's and Washington Mutual's benefit. Therefore, the voluntary payment doctrine bars Plaintiffs' claims against Shapiro, and the complaint should be dismissed.

## POINT IV

### SHAPIRO & DIAZ OWED NO DUTY TO PLAINTIFFS

Plaintiffs' claims of negligence and breach of duty of good faith and fair dealing against Shapiro must be dismissed because Plaintiffs cannot demonstrate that Shapiro owed them any legal duty. It is indisputable that Shapiro was not Plaintiffs' counsel, and Plaintiffs had their own

counsel in the foreclosure and bankruptcy proceedings. The subject of attorneys' fees was clearly set forth in the proof of claim and subject to Plaintiffs and their counsel. Shapiro owed no legal duty to Plaintiffs, and Plaintiffs claims against Shapiro must be dismissed.

Initially, it must be noted that Plaintiffs do not allege that Shapiro was in any way involved in securing Plaintiffs' payment of fees in July 2007. In the absence of any such allegation, Shapiro cannot be held liable for demanding and collecting fees for its client from the borrowers, i.e. Plaintiffs. Therefore, the complaint must be dismissed.

It is indisputable that no privity of contract existed between Plaintiffs and Shapiro. Shapiro represented the lender and servicer in connection with the underlying matters. Plaintiffs retained their own counsel. Shapiro was in a clearly adversarial position, in the context of litigation, with respect to Plaintiffs concerning the alleged disputed fees. Therefore Shapiro owed no contractually-based duty to Plaintiffs, and such claims must be dismissed.

Even if Plaintiffs' allegation that Shapiro was at all relevant times an agent for Countrywide and Washington Mutual, were true, which Shapiro does not concede, a lender does not owe a legal duty to a borrower concerning a loan transaction. See, e.g., United Jersey Bank v. Kensey, 306 N.J. Super. 540 (App. Div. 1997) (holding that relationship between lender and borrower is arms-length, and there is no fiduciary relationship between them). Therefore, even if it were true that Shapiro was an agent in these circumstances, the end result that no duty was owed to Plaintiffs is unavoidable. Therefore, the complaint should be dismissed.

## POINT V

### THE LEGAL STANDARD FOR THIS MOTION
### TO DISMISS IS SATISFIED

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint for failure to state a claim upon which relief can be granted and provides that a motion to dismiss under

these circumstances may be made by motion, before pleading, if a further pleading is permitted.

When ruling on a motion to dismiss under Rule 12(b)(6), the allegations of the complaint should

be construed favorably to the pleader.   See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

However, even after accepting the facts in the pleadings as true and affording the plaintiff all

reasonable inferences, a court must nevertheless dismiss a complaint if, "it is clear that no relief

could be granted under any set of facts that could be proved consistent with the allegations." See

Trump Hotels & Casino Resorts Inc. v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d. Cir. 1998);

see also Neitzke v. Williams, 490 U.S. 319, 326-327 (1989).

A court reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the

pleadings, the documents attached thereto as exhibits and matters of judicial notice.   Southern

Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999).

A court may also consider, however, "an undisputedly authentic document that a defendant

attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."

Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Documents expressly relied upon by a plaintiff or documents which are integral to the pleadings

may be considered without turning a motion to dismiss into one for summary judgment.

Syncsort Inc. v. Sequential Software Inc., 50 F. Supp.2d 318, 325 (D.N.J. 1999).

In the present matter, the Court must dismiss Plaintiffs' complaint as against Shapiro for

the reasons set forth above.  Specifically, the *Rooker-Feldman* doctrine prohibits the re-litigation

of these claims regarding attorneys' fees in federal court, which would act as a review of this

matter adjudicated in the state court foreclosure proceedings.  Moreover, Plaintiffs should have

raised this claim either in the context of the foreclosure proceedings or in the course of the

bankruptcy case.  Having failed to do so, Plaintiffs cannot now seek redress in this court.  In

addition, Plaintiffs' voluntary assent to pay the amount they now dispute bars their attempt to now challenge the amount paid.  Therefore, the Court should dismiss this matter with prejudice in its entirety as against Shapiro.

## **CONCLUSION**

For the reasons set forth above, Defendant Shapiro & Diaz respectfully submits that the Complaint be dismissed with prejudice.

SCHWARTZ SIMON
EDELSTEIN CELSO & ZITOMER, LLC
Attorneys for Defendant, Shapiro & Diaz

By:_____
　　　　　　 Patrick D. Tobia

Dated: May 18, 2009