# EXHIBIT B

Linda A.
LH/2818
SHAPIRO & DIAZ, LLP
406 LIPPINCOTT DRIVE, SUITE J
MARLTON, NEW JERSEY 08053
(856) 810-1700
Attorneys for WASHINGTON MUTUAL HOME LOANS, INC., SUCCESSOR IN INTEREST BY MERGER
TO FLEET MORTGAGE CORP

IN RE:                           UNITED STATES BANKRUPTCY COURTFOR
                                 THE DISTRICT OF NEW JERSEY

DAVID A. RIVERA and MARIANNE
M. RIVERA                        CASE NO.: 04-22865/JHW CHAPTER 13

                                 HEARING DATE: MAY 9, 2005

### NOTICE OF MOTION TO VACATE THE AUTOMATIC STAY

TO:      ANDREW S. ZELDIN, ESQ.
         LAW OFFICE OF ANDREW S. ZELDIN
         901 ROUTE 168, SUITE 108
         Turnersville, NJ 08012
         Attorney for Debtor(s)

         ISABEL C. BALBOA, TRUSTEE
         CHAPTER 13 STANDING TRUSTEE
         CHERRY TREE CORPORATE CENTER
         535 ROUTE 38, SUITE 580
         Cherry Hill, NJ 08002

         DAVID A. RIVERA and MARIANNE M. RIVERA, Debtor(s)
         2203 BEACON HILL DRIVE
         SICKLERVILLE, NJ 08081


WASHINGTON MUTUAL HOME LOANS, INC., SUCCESSOR IN INTEREST BY MERGER TO FLEET
MORTGAGE CORP has filed papers with the court requesting relief from the Automatic Stay.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if
you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant relief from the Automatic Stay to WASHINGTON MUTUAL HOME
LOANS, INC., SUCCESSOR IN INTEREST BY MERGER TO FLEET MORTGAGE CORP with regard to
your property located at LOT 1 C2203 BLOCK 15812 COMMONLY KNOWN AS 2203 BEACON HILL
DRIVE, GLOUCESTER TOWNSHIP (SICKLERVILLE), NEW JERSEY 08081

or if you want the court to consider your views on the motion, then on or before May 9, 2005, you or your
attorney must:

File a written response in opposition to this motion explaining your position and send to:

Clerk of the United States Bankruptcy Court
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street
Camden, NJ 08101

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to:

Linda A. Hynes, Esq.
SHAPIRO & DIAZ, LLP
406 Lippincott Drive - Suite J
Marlton, NJ  08053

ISABEL C. BALBOA, TRUSTEE
CHAPTER 13 STANDING TRUSTEE
CHERRY TREE CORPORATE CENTER
535 ROUTE 38, SUITE 580
Cherry Hill, NJ 08002

Additionally you must attend the hearing scheduled for May 9, 2005, at 10:00 am in Courtroom          ,

United States Bankruptcy Court
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street
Camden, NJ 08101

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Date:  4.19.05

Linda A. Hynes, Esq.
SHAPIRO & DIAZ, LLP
406 Lippincott Drive, Suite J
Marlton, NJ  08053

Linda A. Hynes, Esq.
LH/2818
Shapiro & Diaz, LLP
406 Lippincott Drive, Suite J
Marlton, New Jersey 08053
Telephone (856) 810-1700
Attorneys for WASHINGTON MUTUAL HOME LOANS, INC., SUCCESSOR IN INTEREST
BY MERGER TO FLEET MORTGAGE CORP

---

IN RE:                          UNITED STATES BANKRUPTCY COURT
                                FOR THE DISTRICT OF NEW JERSEY

DAVID A. RIVERA and MARIANNE M. RIVERA
    DEBTORS              CASE NO: 04-22865/JHW
                        CHAPTER 13

                        CERTIFICATION OF MORTGAGEE
                        HEARING DATE 05/09/05

---

I, Amirah Shahied, hereby certify as follows:

1.      I am an authorized representative of the Mortgagee, WASHINGTON MUTUAL HOME
        LOANS, INC., SUCCESSOR IN INTEREST BY MERGER TO FLEET MORTGAGE
        CORP, holder of a First Purchase Money Mortgage on the property of the Debtors LOT 1
        C2203 BLOCK 15812 COMMONLY KNOWN AS 2203 BEACON HILL DRIVE,
        GLOUCESTER TOWNSHIP (SICKLERVILLE), NEW JERSEY 08081, and I am
        familiar with the within matter.  I make this Certification in support of our Motion to
        Vacate the Automatic Stay.

2.      Debtors' Bankruptcy Petition was filed on April 14, 2004.

3.      Status of Secured Creditor's Foreclosure action on the subject property: Final
        Judgment/Pre-Sale .

4.      Pursuant to Debtors' Chapter 13 Plan, they are to cure the pre-petition arrears to Secured
        Creditor through said plan while maintaining post petition payments outside of said plan.

5.                     POST PETITION PAYMENT HISTORY
                        ON THE NOTE AND MORTGAGE DATED

Recorded on 02/10/00, in Camden, in Book 5254 at Page 809
Property Address: LOT 1 C2203 BLOCK 15812 COMMONLY KNOWN AS 2203
BEACON HILL DRIVE, GLOUCESTER TOWNSHIP (SICKLERVILLE), NEW
JERSEY 08081
Mortgage Holder: WASHINGTON MUTUAL HOME LOANS, INC., SUCCESSOR IN
INTEREST BY MERGER TO FLEET MORTGAGE CORP
Mortgagor(s)/Debtor(s): DAVID A. RIVERA AND MARIANNE M. RIVERA,
DEBTOR

POST PETITION PAYMENTS (Petition filed on April 14, 2004)

| Amount due | Date Payment was Due | How Payment Was Applied (Mo./Yr.) | Amount Received | Date Payment Received |
|---|---|---|---|---|
| 1. $1,445.10 | 5/1/2004 | Suspense | $1,406.00 | 5/12/2004 |
| 2. $1,445.10 | 5/1/2004 | 5/2004 | $1,445.10 | 6/10/2004 |
| 3. $1,445.10 | 6/1/2004 | 6/2004 | $1,445.10 | 7/9/2004 |
| 4. $1,445.10 | 7/1/2004 | 7/2004 | $1,445.10 | 8/11/2004 |
| 5. $1,445.10 | 8/1/2004 | 8/2004 | $1,445.10 | 9/7/2004 |
| 6. $1,445.10 | 9/1/2004 | 9/2004 | $1,445.10 | 10/16/2004 |
| 7. $1,445.10 | 10/1/2004 | 10/2004 | $1,445.10 | 11/17/2004 |
| 8. $1,445.10 | 11/1/2004 | 11/2004 | $1,445.10 | 12/17/2004 |
| 9. $1,445.10 | 12/1/2004 | 12/2004 | $1,445.10 | 1/19/2005 |
| 10. $1,445.10 | 1/1/2005 | 1/2005 | $1,445.10 | 2/23/2005 |
| TOTAL | | | | |

MONTHLY PAYMENTS PAST DUE: February 1, 2005 to April 1, 2005 at $1,474.00
(MONTHLY PAYMENT AND LATE CHARGE) Plus Accrued Late Charges of $144.50 Less
Funds in Suspense of $1,406.00 FOR A TOTAL AMOUNT DUE OF $3,160.50 AS OF April
15, 2005.

Each Monthly Payment is comprised of:
Principal & Interest                                          $997.63
Taxes & Insurance                                           $447.47
Late Charge                                                    $28.90
TOTAL                                                        $1,474.00

6.      Mortgagee additionally requests counsel fees and costs for the filing of this Motion.

7.      WHEREFORE, the undersigned respectfully requests that the Motion to Vacate Stay be
        granted.

12/24/2003 09:50 FAX 1 858 810 1627   SHAPIRO AND DIAZ   @002

8.  I HEREBY CERTIFY that the foregoing statements made by me are true and correct to the best of my knowledge, information and belief.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Date: 4/15/05

№0953-559

Certified True Copy

Linda A. Hynes
Attorney At Law of New Jersey

When Recorded Return To:
COUNTY RECORDER SERVICES, INC.
900 E. PALMER AVE., STE. 8
GLENDALE, CA 91205
Recording Requested By/Return To: GUARANTY BANK, S.S.B. & County Recorder
Services 1116 N. Central Aven. #133 Glendale, CA 91202

## 94146  ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is 4000 West Brown Deer Road, Brown Deer, WI 53209
, does hereby grant, sell,

assign, transfer and convey, unto the  FLEET MORTGAGE CORP.

, a corporation
organized and existing under the laws of  RHODE ISLAND                        (herein "Assignee"), whose
address is  2210 ENTERPRISE DRIVE, Florence, SC  29501
a certain Mortgage dated January 31, 2000        , made and executed by
David A. Rivera and Marianne M. Rivera

whose address is 2203 Beacon Hill Drive, Sicklerville, NJ  08081
to and in favor of Shelter Mtge. Co., LLC dba Guaranty Northeast Mtge

following described property situated in   Camden                              upon the
of  New Jersey               ;                                                County, State
P.A. 2203 Beacon Hill Drive , Sicklerville NJ 08081
Tax Key No: Block 15812, Lot 1C2203

"See Exhibit A attached hereto and made a part hereof"
such Mortgage having been given to secure payment of  One Hundred Thirty Five Thousand
Nine Hundred Sixty Dollars & No/Cents              ($  135,960.00        )
(Include the Original Principal Amount)
which Mortgage is of record in Book, Volume, or Liber No.  5254  , at page  509  (or as
No.          ) of the  3/6/2000    Records of  Camden
County, State of  New Jersey             , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under
such Mortgage.
TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the
terms and conditions of the above-described Mortgage.

Inv. #: 701061 APPL #:0006505170 LOAN #:0006505170
Inv. #:

Page 1 of 1

RB0953-560

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on February 18, 2000

Guaranty Bank, S.S.B.

Witness                                                    (Assignor)

By: _____
                                                    (Signature)

Witness                                              TRACI L. HUSSLEIN
                                                    Assistant Secretary

Attest

Seal:

This instrument drafted by: CHERYL D. WILSON          address: 4000 West
Brown Deer Road, Brown Deer, WI  53209               tel. no.: 414-362-4000

-- Space Below This Line Reserved for Acknowledgement --

STATE OF     Wisconsin          )
   MILWAUKEE          County. )

Personally came before me this 18th day of February, 2000
TRACI L. HUSSLEIN, Assistant Secretary
of the above named Corporation, to me known to be the persons who executed the
foregoing instrument, and to me known to be such   Assistant Secretary
of said Corporation, and acknowledged that they executed the foregoing
instrument as such officers as the deed of said Corporation, by its
authority.

                                   _____
                                   Notary Public  MILWAUKEE          County,
                                                  CHERYL D. WILSON
My Commission Expires:  June 3, 2001
DOC #:703042 APPL #:0006909170 LOAN #:0006909170
_____PP5M41 (9910)                       Page 2 of 2

HB09953-561   Jan 26 '   15:33   P. 09
JAN-26-00 WED 16:19   SETTLERS TITLE AGENCY LP   FAX NO. 609985   P. 10/12

## First American Title Insurance Company

### SCHEDULE C

#### Legal Description

File No.: ST00-30441

ALL that certain lot, parcel or tract of land and premises, situate and lying in the TOWNSHIP OF GLOUCESTER, County of CAMDEN and State of New Jersey being more particularly described as follows:

BEING KNOWN AND DESIGNATED AS Unit No. 2203, situated in STONEBRIDGE RUN, A Condominium, which has been more specifically defined in Master Deed dated 12/30/97 and recorded 3/20/98 in the Office of the CAMDEN County, in Deed Book 4938 Page 380, and which unit is hereby conveyed in conformity with the provisions of N.J.S.A. 46:8B-10, and includes the fee in an undivided percentage interest of .6578% in the Common Elements.

FOR INFORMATIONAL PURPOSES ONLY: Also known as Lot 1C2203 in Block 15812 on the TOWNSHIP OF GLOUCESTER Tax Map.



NB 0953-562

1292499

Assignment
Book

RECORDED-CAMDEN COUNTY

00 JUN 20 PH 12: 16

COUNTY RECORDER SVS INC
900 E. PALMER AVENUE, SUITE D
GLENDALE CO 91205

AB0944-190

Certified True Copy

Linda A. Hess
Attorney At Law of New Jersey

Charge, Record and Return To
Settlers Title Agency, L.P.
The Pavilions at Greentree
Suite 301
Marlton, NJ 08053-3436

Recording Requested By/Return To:  GUARANTY BANK, S.S.B., P.O. BOX 245016, Milwaukee,
WI 53224-9516, Attn: Doc Control Dept.

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
527 Plymouth Road, Ste. 405 , Plymouth Meeting, PA  19462
, does hereby grant, sell,

assign, transfer and convey, unto the  Guaranty Bank, S.S.B.
, a corporation

organized and existing under the laws of  Wisconsin                          (herein "Assignee"), whose
address is 4000 West Brown Deer Road, Brown Deer, WI  53209
a certain Mortgage dated January 31, 2000                    , made and executed by
David A. Rivera and Marianne M. Rivera

5254-809

whose address is  2203 Beacon Hill Drive, Sicklerville, NJ  08081
to and in favor of Shelter Mtge. Co., LLC dba Guaranty Northeast Mtge

following described property situated in    Camden                                              upon the
of  New Jersey                               :                                              County, State
See attached legal description

such Mortgage having been given to secure payment of  One Hundred Thirty Five Thousand Nine
Hundred Sixty Dollars & No/Cents                                    ($  135,960.00       )
(include the Original Principal Amount)
which Mortgage is of record in Book, Volume, or Liber No.                        , at page           (or as
No.              ) of the                              Records of Camden
County, State of  New Jersey              , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under
such Mortgage.
TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the
terms and conditions of the above-described Mortgage.

FNMA - Multistate Assignment of Mortgage
GFPC -895M (0312)    (0812) 0417           (199)
VMP MORTGAGE FORMS (800)521-7291
Page 1 of 2          Initials

DOC #:86101 APPL #:0806909170 LOAN #:0806909170
INV #:

Case 1:09-cv-00021-JEI-JS   Document 15-4   Filed 05/18/09   Page 12 of 30
Case 04-22865-JHW   Doc 25-2   Filed 04/21/05   Entered 04/21/05 14:04:13   Desc
hibit   Page 6 of 20

AB 0944-191   Jan 26 '''   15:33   P.09
JAN-26-00 WED 18:18   SETTLERS TITLE AGENCY LP   FAX NO. 6009865008   P.10/12

### First American Title Insurance Company

SCHEDULE C

Legal Description

File No.: ST00-30441

ALL that certain lot, parcel or tract of land and premises, situate and lying in the TOWNSHIP OF GLOUCESTER, County of CAMDEN and State of New Jersey being more particularly described as follows:

BEING KNOWN AND DESIGNATED AS Unit No. 2203, situated in STONEBRIDGE RUN, A Condominium, which has been more specifically defined in Master Deed dated 12/30/97 and recorded 3/20/98 in the Office of the CAMDEN County, in Deed Book 4938 Page 380, and which unit is hereby conveyed in conformity with the provisions of N.J.S.A. 46:8B-10, and includes the fee in an undivided percentage interest of .6578% in the Common Elements.

FOR INFORMATIONAL PURPOSES ONLY: Also known as Lot 1C2203 in Block 15812 on the TOWNSHIP OF GLOUCESTER Tax Map.

AB.0944-192

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on January 31, 2000

Shelter Mtge. Co., LLC dba Guaranty Northeast Mtg (Assignor)

Witness _____

By: _____
(Signature)

Witness _____

Nancy L. Paillard
Assistant Secretary

Attest _____

Seal:

address: 527

This Instrument Prepared By: Lynnette Schlossman
Plymouth Road, Ste. 405, Plymouth Meeting, PA 19462 tel. no.: 800-533-9134

--Space Below This Line Reserved for Acknowledgement--

STATE OF    New Jersey
       Morris        County. )

Personally came before me this  31st day of  January, 2000
Nancy L. Paillard, Assistant Secretary
of the above named Corporation, to me known to be the persons who executed the
foregoing instrument, and to me known to be such    Assistant Secretary
of said Corporation, and acknowledged that they executed the foregoing
instrument as such officers as the deed of said Corporation, by its
authority.

Ernest R. Riley
Notary Public    Morris        County.

Ernest R. Riley

My Commission Expires:  April 7, 2004
DOC #:84302 APPL #:0006909170 LOAN #:0006909170
-895M1 (9912)                              Page 2 of 2

┌─────────────────────────┐
│     Notary Public       │
│  State of New Jersey    │
│    ERNEST R RILEY        │
│  My Appointment Expires │
│     April 7, 2004       │
└─────────────────────────┘

SETTLERS TITLE AGENCY, L.P.
THE PAVILIONS AT GREENTREE
SUITE 302
MARLTON, NJ 08053

M05254-0809

Certified True Copy

Linda A. Hynes
Attorney At Law of New Jersey

Charge, Record and Return To
Settlers Title Agency, L.P.
The Pavilions at Greentree
Suite 301
Marlton, NJ 08053-3435

Return to:
GUARANTY BANK, S.S.B.
P.O. BOX 245016
Milwaukee, WI 53224-9516
Attn: Doc Control Dept.

[Space Above This Line For Recording Data]

FHA Case No.
PH-3517745786 734

State of New Jersey
This instrument was prepared by:
Nancy L. Paillard

# MORTGAGE

# ORIGINAL

THIS MORTGAGE ("Security Instrument") is given on   January 31, 2000
The Mortgagor is David A. Rivera and Marianne M. Rivera

("Borrower"). This Security Instrument is given to   Shelter Mtge. Co., LLC dba Guaranty
Northeast Mtge

which is organized and existing under the laws of   Delaware                                    , and
whose principal office and mailing address is 527 Plymouth Road, Ste. 405, Plymouth Meeting,
PA 19462                                    ("Lender"). Borrower owes Lender the principal sum of
One Hundred Thirty Five Thousand Nine Hundred Sixty and No/100
                                    Dollars (U.S. $ 135,960.00         ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which
provides for monthly payments, with the full debt, if not paid earlier, due and payable on   February   1st ,
2030                 . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the
Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with
interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance

FHA New Jersey Mortgage - 4/96

-4F(NJ) (9604)
VMP MORTGAGE FORMS - (800)521-7291

Page 1 of 6                Initials
MMR

DOC #:043001
APPL #:0006909170
LOAN #:0006909170
INV #:

Assignment
To: _____ _____
Book No. ___ Page 559
Date ___ 6/__/0_
James _____ Clerk

Assignment
To 944     190
Book No.     Page
Date     2/10/0_
James _____ Clerk

MB5254-0810   Jan 26 ''   15:33   P.09
JAN-26-00 WED 16:18   SETTLERS TITLE AGENCY LP   FAX NO. 6009853368   P. 10/12

### First American Title Insurance Company

#### SCHEDULE C

#### Legal Description

File No.: ST00-30441

ALL that certain lot, parcel or tract of land and premises, situate and lying in the TOWNSHIP OF GLOUCESTER, County of CAMDEN and State of New Jersey being more particularly described as follows:

BEING KNOWN AND DESIGNATED AS Unit No. 2203, situated in STONEBRIDGE RUN, A Condominium, which has been more specifically defined in Master Deed dated 12/30/97 and recorded 3/20/98 in the Office of the CAMDEN County, in Deed Book 4938 Page 380, and which unit is hereby conveyed in conformity with the provisions of N.J.S.A. 46:8B-10, and includes the fee in an undivided percentage interest of .6578% in the Common Elements.

FOR INFORMATIONAL PURPOSES ONLY: Also known as Lot 1C2203 in Block 15812 on the TOWNSHIP OF GLOUCESTER Tax Map.

MB5254-0811

P. 10/12

of Borrower's covenants and agreements under this Security Instrument and the Note. This Security Instrument and t Note secured hereby are subject to modification (including changes in the interest rate, the due date, and other terms a conditions), as defined in New Jersey Laws 1985, ch. 353, Section 1 et seq. and upon such modification, shall have t benefit of the lien priority provisions of that law. The maximum principal amount secured by this Security Instrument $135,960.00                              . For these purposes, Borrower does hereby mortgage, grant a convey to the Lender the following described property located in

Camden   County, New Jers

See attached legal description

Tax Key Number: Block 15012, Lot 1C2203
which has the address of   2203 Beacon Hill Drive, Sicklerville                      [Street, C
New Jersey   08081                          [Zip Code] ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easeme appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be cove by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the rig mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of rec Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

1. Payment of Principal, Interest and Late Charge. Borrower shall pay when due the principal of, and int on, the debt evidenced by the Note and late charges due under the Note.

2. Monthly Payment of Taxes, Insurance and Other Charges. Borrower shall include in each monthly payr together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and sp assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, an premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insur premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such pem would have been required if Lender still held the Security Instrument, each monthly payment shall also include eithe a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge In of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to excee maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedur of 1974, 12 U.S.C. Section 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be ame

Page 2 of 8

MB5254-0812

from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. Application of Payments. All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

4. Fire, Flood and Other Hazard Insurance. Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property.

ISN* 8·04·2001  APPL #:00065691 IN 1/3AII 0/00065691 IN
4N(NJ) (8603)  Page 3 of 8

HB5254-0813

Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

6. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7. **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8. **Fees.** Lender may collect fees and charges authorized by the Secretary.

9. **Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

MB5254-0814

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) No Waiver. If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) Mortgage Not Insured. Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10. Reinstatement. Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

11. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

DOC #:043005  APPL #:0004909170  LOAN #:0004909170
WMD-4R(NJ) (0405)   (02) 4909.02        Page 5 of 8

MHR

M05254-0815

13. Notices. Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

14. Governing Law; Severability. This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

15. Borrower's Copy. Borrower shall be given one conformed copy of the Note and of this Security Instrument.

16. Hazardous Substances. Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. Assignment of Rents. Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

INV 0101006   APPL #:0005905170   LOAN #:0005905170
-4R(NJ) (9608)          Page 4 of 6                    Initials MHR

M05254-0816

18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, attorneys' fees and costs of title evidence permitted by Rules of Court.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19. Release. Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

20. No Claim of Credit for Taxes. Borrower will not make deduction from or claim credit on the principal or interest secured by this Security Instrument by reason of any governmental taxes, assessments or charges. Borrower will not claim any deduction from the taxable value of the Property by reason of this Security Instrument.

21. Riders to this Security Instrument. If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

[X] Condominium Rider    [ ] Growing Equity Rider    [ ] Other [specify]
[ ] Planned Unit Development Rider    [ ] Graduated Payment Rider

DOC #:043007   APPL #:0006909170   LOAN #:0006909170
-4R(NJ) (0008)   Unit 0604.07   Page 7 of 8

MB5254-0817

## CONDOMINIUM RIDER

FHA Case No.

FN-3513745786-734

THIS CONDOMINIUM RIDER is made this 31st day of January 2000, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed ("Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note ("Note") to Shelter Mtge. Co., LLC dba Guaranty Northeast Mtge

("Lender") of the same date and covering the Property described in the Security Instrument and located at:

2203 Beacon Hill Drive, Sicklerville, New Jersey 08081

[Property Address]

The Property includes a unit in, together with an undivided interest in the common elements of, a condominium project known as:   Stonebridge Run Condominium

[Name of Condominium Project]

("Condominium Project"). If the owners association or other entity which acts for the Condominium Project ("Owners Association") holds title to property for the benefit or use of its members or shareholders, the Property also includes Borrower's interest in the Owners Association and the uses, proceeds and benefits of Borrower's interest.

CONDOMINIUM COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A.   So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring all property subject to the condominium documents, including all improvements now existing or hereafter erected on the Property, and such policy is satisfactory to Lender and provides insurance coverage in the amounts, for the periods, and against the hazards Lender requires, including fire and other hazards included within the term "extended coverage," and loss by flood, to the extent required by the Secretary, then: (i) Lender waives the provision in Paragraph 2 of this Security Instrument for the monthly payment to Lender of one-twelfth of the yearly premium installments for hazard insurance on the Property,

FHA Multistate Condominium Rider - 10/96
⊕-586U (9705)    VMP 9705.03                    DOC #:200091
Page 1 of 2              Initials:              APPL #:0006909170
VMP MORTGAGE FORMS - (800)521-7291             LOAN #:0006909170
                                                INV #:



MB5254-0818

and (ii) Borrower's obligation under Paragraph 4 of this Security Instrument to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy. Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage and of any loss occurring from a hazard. In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property, whether to the condominium unit or to the common elements, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by this Security Instrument, with any excess paid to the entity legally entitled thereto.

B.   Borrower promises to pay all dues and assessments imposed pursuant to the legal instruments creating and governing the Condominium Project.

C.   If Borrower does not pay condominium dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this Paragraph C shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this Condominium Rider.

_____ (Seal)          _____ (Seal)
David A. Rivera        -Borrower        Marianne M. Rivera      -Borrower

_____ (Seal)          _____ (Seal)
                       -Borrower                                -Borrower

_____ (Seal)          _____ (Seal)
                       -Borrower                                -Borrower

_____ (Seal)          _____ (Seal)
                       -Borrower                                -Borrower

-888U (9705)                            Page 2 of 2

DOC #:300092   APPL #:0006905170   LOAN #:0006905170

M05254-0819

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____ (Seal)
David A. Rivera                    -Borrower

_____ (Seal)
Marianne M. Rivera                -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

STATE OF NEW JERSEY,                    Burlington County ss:

On this   31st   day of   January   ,   2000   , before me, the subscriber, personally appeared
David A. Rivera and Marianne M. Rivera

who, I am satisfied,
are      the person(s) named in and who executed the within instrument, and thereupon acknowledged that   they
signed, sealed and delivered the same as   their   act and deed, for the purposes therein expressed.

_____
Notary Public

CAROLINE M. MILLER
Notary Public of New Jersey
My Commission Expires Dec. 28, 2002
ID # 2100598

SETTLERS TITLE AGENCY, L.P.
THE PAVILIONS AT GREENTREE
SUITE 302
MARLTON, NJ 08053

4424921

FLO01-41614
SHAPIRO & DIAZ, LLP
406 Lippincott Drive
Suite J
Marlton, New Jersey 08053
(856) 810-1700

| | |
|---|---|
| WASHINGTON MUTUAL HOME LOANS, INC., SUCCESSOR IN INTEREST BY MERGER TO FLEET MORTGAGE CORP<br><br>PLAINTIFF,<br><br>vs.<br><br>DAVID A. RIVERA AND MARIANNE M. RIVERA, HIS WIFE; STATE OF NEW JERSEY; LEASECOMM CORPORATION;<br><br>DEFENDANTS | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION CAMDEN COUNTY<br><br><br>Docket No: F-23030-01<br><br>CIVIL ACTION CERTIFICATION OF LOST MORTGAGE BOND/NOTE |

LINDA A. HYNES, ESQ. does hereby certify the following:

1.     I am an Attorney at Law in New Jersey and the Attorney for the plaintiff in the above entitled matter.

2.     Due to inadvertence, the original Mortgage Note cannot be located.

3.     I make this certification to evidence the fact that after a diligent search, I have been unable to locate the original Bond for the Mortgage which is referred to in this foreclosure Complaint.

4.     I have been unable to locate the Bond dated **January 31, 2000,** as executed by **DAVID A. RIVERA AND MARIANNE M. RIVERA,** to **SHELTER MORTGAGE. CO., LLC D/B/A GUARANTY NORTHEAST MORTGAGE** in

the sum of $ **135960.00** as is referred to in paragraph 1 of the First Count of the Complaint.

5.     Although I have been unable to locate the original of the aforesaid bond, I do hereby

certify that the terms of the said bond are as set forth in the First Count of the within

foreclosure Complaint, and I do further certify that the balances due upon the said Bond are

as set forth in the Certification of Amount Due which I am submitting at this time in support

of my application for judgment in this foreclosure action.

6.      I hereby certify that the foregoing statements made by me are true.  I am aware

that if any statements made by me are wilfully false, I am subject to punishment.


LINDA A. HYNES, ESQ.

DATED: 5/30/02

Case 1:09-cv-00021-JEI-JS   Document 15-4   Filed 05/18/09   Page 27 of 30
Case 04-22865-JHW   Doc 25-3   Filed 04/21/05   Entered 04/21/05 14:04:13   Desc
Certificate of Service     Page 1 of 2

Linda A. Hynes, Esq.
LH/2818
SHAPIRO & DIAZ, LLP
406 LIPPINCOTT DRIVE, SUITE J
MARLTON, NEW JERSEY 08053
(856) 810-1700
Attorneys for WASHINGTON MUTUAL HOME LOANS, INC., SUCCESSOR IN INTEREST BY MERGER
TO FLEET MORTGAGE CORP

| | |
|---|---|
| IN RE: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| DAVID A. RIVERA and MARIANNE M. RIVERA | CASE NO.: 04-22865/JHW CHAPTER 13 |
| | CERTIFICATION OF MAILING HEARING DATE: MAY 9, 2005 |
| | ORAL ARGUMENT REQUIRED XXX ORAL ARGUMENT WAIVED |

I, Jason Diaz, of full age, hereby certifies as follows:

1. I am employed in the offices of SHAPIRO & DIAZ, LLP, attorneys for the secured creditor, WASHINGTON MUTUAL HOME LOANS, INC., SUCCESSOR IN INTEREST BY MERGER TO FLEET MORTGAGE CORP, in the above entitled matter.

2. On ____04/20____ 2005, I did mail by regular mail, copies of Notice of Motion, Certification and proposed form of Order granting secured creditor, WASHINGTON MUTUAL HOME LOANS, INC., SUCCESSOR IN INTEREST BY MERGER TO FLEET MORTGAGE CORP, relief from the stay in the within matter to:

DAVID A. RIVERA and MARIANNE M. RIVERA, Debtor(s)
2203 BEACON HILL DRIVE
SICKLERVILLE, NJ 08081

ANDREW S. ZELDIN, ESQ.
LAW OFFICE OF ANDREW S. ZELDIN
901 ROUTE 168, SUITE 108
Turnersville, NJ 08012
Attorney for Debtor(s)

ISABEL C. BALBOA, TRUSTEE
CHAPTER 13 STANDING TRUSTEE
CHERRY TREE CORPORATE CENTER
535 ROUTE 38, SUITE 580
Cherry Hill, NJ 08002

Case 1:09-cv-00021-JEI-JS   Document 15-4   Filed 05/18/09   Page 28 of 30
Case 04-22865-JHW   Doc 25-3   Filed 04/21/05   Entered 04/21/05 14:04:13   Desc
Certificate of Service   Page 2 of 2

3. I hereby certify that the foregoing statements made by me are true to the best of my knowledge and belief. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

_____

Jason Diaz
Legal Assistant
Dated: _____ 04/20/2005

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

LINDA A. HYNES, ESQ.
LH/2818
Shapiro & Diaz, LLP
406 Lippincott Drive, Suite J
Marlton, New Jersey  08053
(856) 810-1700
Attorneys for WASHINGTON MUTUAL HOME
LOANS, INC., SUCCESSOR IN INTEREST BY
MERGER TO FLEET MORTGAGE CORP

In Re:

DAVID A. RIVERA AND MARIANNE M. RIVERA
DEBTORS

Case No.: 04-22865/JHW

Adv. No.:

Hearing Date:  May 9, 2005

Judge: Honorable Judith H. Wizmur

## ORDER VACATING STAY

The relief set forth on the following pages, numbered two (2) through two (2), is hereby ORDERED.

Upon the motion of SHAPIRO & DIAZ Filed 04/21/05, attorneys for WASHINGTON MUTUAL HOME

LOANS, INC., SUCCESSOR IN INTEREST BY MERGER TO FLEET MORTGAGE CORP under
Bankruptcy Code section 362(d) for relief from the Automatic Stay as to certain real property as hereinafter set
forth, and for cause shown,

     1. The Automatic Stay of Bankruptcy Code section 362(a) is vacated to permit the movant to institute
or resume and prosecute to conclusion one or more action(s) in the court (s) of appropriate jurisdiction to
foreclosure mortgage(s) held by the movant upon the following:

_____ Land and premises commonly known as LOT 1 C2203 BLOCK 15812 COMMONLY KNOWN AS
2203 BEACON HILL DRIVE, GLOUCESTER TOWNSHIP (SICKLERVILLE), NEW JERSEY 08081.

     2. The movant may join the debtor and any trustee appointed in this case as defendants in its foreclosure
action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code.

     The movant shall serve this order on the debtor, any trustee and other party who entered an appearance
on the motion.

Certification of Mailing

     I HEREBY CERTIFY that on                   , 2005, I mailed a copy of the foregoing
order to each of the following:

SHAPIRO & DIAZ, LLP
406 LIPPINCOTT DRIVE, SUITE J
MARLTON, NJ 08053

                       James J. Waldron, Clerk

                    BY: _____
                         Deputy Clerk