# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

LINDA A. HYNES, ESQ.
LH/2818
Shapiro & Diaz, LLP
406 Lippincott Drive, Suite J
Marlton, New Jersey  08053
(856) 810-1700
Attorneys for WASHINGTON MUTUAL HOME LOANS, INC., SUCCESSOR IN INTEREST BY MERGER TO FLEET MORTGAGE CORP

In Re:

DAVID A. RIVERA AND MARIANNE M. RIVERA
DEBTORS

Case No.: 04-22865/JHW

Adv. No.:

Hearing Date: May 16, 2005

Judge: Honorable Judith H. Wizmur

## ORDER ON MOTION TO VACATE STAY

The relief set forth on the following pages, numbered two (2) through two (2) is hereby ORDERED.

DATED: 5/31/2005

_____
Honorable Judith H. Wizmur
United States Bankruptcy Judge

Order Filed on 5/31/2005 by Clerk U.S. Bankruptcy Court District of New Jersey

This matter being opened to the Court by Shapiro & Diaz, LLP, Attorneys for WASHINGTON MUTUAL HOME LOANS, INC., SUCCESSOR IN INTEREST BY MERGER TO FLEET MORTGAGE CORP upon the filing of a Notice of Motion for an Order Vacating Stay in a Chapter 13 Case with regard to the property located at:

LOT 1 C2203 BLOCK 15812
COMMONLY KNOWN AS 2203 BEACON HILL DRIVE, GLOUCESTER TOWNSHIP (SICKLERVILLE), NEW JERSEY 08081

for failure of the Debtor(s) to make payments on their mortgage and due notice of said Motion and the supporting Certification having been given by mail to the Trustee, the Debtor(s) and the attorney for the Debtor(s), if any, and for good cause shown,

1. Debtor is presently delinquent in post petition payments for the months of April 2005 through May 2005 in the total amount of $1,705.60.

2. In order to cure the balance of arrears of $1,705.60, Debtors shall remit a regular monthly mortgage payment plus an additional $284.27 from June 2005 through November 2005.

3. Debtors shall reimburse Secured Creditor $250.00 in attorney fees and $150.00 in court costs through his/her Chapter 13 Plan. The Trustee shall amend his/her records to reflect same.

4. If the Debtor(s) should default and fail to make the payments stated herein or any future payment outside of said plan to WASHINGTON MUTUAL HOME LOANS, INC., SUCCESSOR IN INTEREST BY MERGER TO FLEET MORTGAGE CORP, for more than thirty (30) days from the due date, then, upon Certification of Non-receipt of said payment in accordance herewith, submitted by the Secured Creditor's Attorney, the Court will enter an Ex-Parte Order Vacating the Automatic Stay of the Bankruptcy Code with respect to the Secured Creditor's lien. The Order submitted will not require the consent of the Debtors regarding form or substance, however Debtor(s) Debtor'(s) attorney and the Trustee shall be given five (5) days notice of any filing of a Certification of Non-Receipt.

*Approved by Judge Judith H. Wizmur May 31, 2005*

# EXHIBIT D

Case 1:09-cv-00021-JEI-JS   Document 15-5   Filed 05/18/09   Page 4 of 11

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Law Offices of
John F. Wise
15 Village Plaza
South Orange, New Jersey 07079
(973) 763-5900   JFW1946
Attorney for the Debtors

In Re:

**David A. Rivera and
Marianne M. Rivera,**

**Debtors.**

Case No.: 04-22865

Hearing Date: Dec. 10, 2007 @ 10:00 a.m.

Judge: Honorable Judith H. Wizmur

Order Filed on 12/12/2007 by Clerk, U.S. Bankruptcy Court, District of New Jersey

Recommended Local Form:   ☐ Followed   ☒ Modified

### ORDER REINSTATING DEBTORS' CHAPTER 13 PETITION AND CONVERTING THE CASE TO A CHAPTER 7

The relief set forth on the following pages, numbered two (2) through _____ is hereby **ORDERED**.

**DATED: 12/12/2007**

Judith H. Wizmur, Chief Judge
United States Bankruptcy Court

| | |
|---|---|
| Debtors: | David A. Rivera and Marianne M. Rivera |
| Case Number: | 04-22865 |
| Caption of Order: | Order Reinstating Debtor's Chapter 13 Petition and Converting Case to a Chapter 7. |

---

**THIS MATTER** being opened to the Court by John F. Wise, attorney for the Debtors, David A. Rivera and Marianne M. Rivera, and having considered the argument of counsel and good cause Appearing, it is

**ORDERED** that

The Order of Dismissal filed on August 22, 2007 is vacated and the case shall be Reinstated.

The Motion to Convert the Case to a Chapter 7 is granted.

*Approved by Judge Judith H. Wizmur December 12, 2007*

Form 149 − ntcvaco

## UNITED STATES BANKRUPTCY COURT

District of New Jersey
401 Market Street
Camden, NJ 08102

---

Case No.: 04−22865−JHW
Chapter: 13
Judge: Judith H. Wizmur

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

| | |
|---|---|
| David A Rivera | Marianne M Rivera |
| 2203 Beacon Hill Drive | 2203 Beacon Hill Drive |
| Sicklerville, NJ 08081−0000 | Sicklerville, NJ 08081−0000 |

Social Security No.:
   xxx−xx−5995                                xxx−xx−3278

Employer's Tax I.D. No.:

---

## NOTICE OF ORDER VACATING
## AN ORDER OF DISMISSAL

   NOTICE IS HEREBY GIVEN that Order Dismissing the above−captioned Case which was entered on 8/22/2007 has been vacated effective 12/12/2007 .


Dated: December 13, 2007
JJW: kvr

                                                                James J. Waldron
                                                                Clerk

# EXHIBIT E

B18 (Official Form 18) (12/07)

# UNITED STATES BANKRUPTCY COURT

District of New Jersey
401 Market Street
Camden, NJ 08102

Case No.: 04-22865-JHW
Chapter: 7
Judge: Judith H. Wizmur

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

David A Rivera
2203 Beacon Hill Drive
Sicklerville, NJ 08081-0000

Marianne M Rivera
2203 Beacon Hill Drive
Sicklerville, NJ 08081-0000

Social Security No.:
xxx-xx-5995

xxx-xx-3278

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED** :

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: March 14, 2008

Judith H. Wizmur
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

Case 1:09-cv-00021-JEI-JS  Document 15-5  Filed 05/18/09  Page 10 of 11
Case 04-22865-JHW  Doc 95  Filed 03/14/08  Entered 03/14/08 01:91:00  Desc b18
Page 2 of 2

B18 (Official Form 18) (12/07) – Cont.

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts that are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

To accept charges shown below, click on the 'View Document' button, otherwise click the 'Back' button on your browser.

| Pacer Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| Mon May 4 17:17:53 2009 | | | |
| Pacer Login: | ss1155 | Client Code: | PDT252 |
| Description: | Image95-0 | Case Number: | 04-22865-JHW |
| Billable Pages: | 2 | Cost: | 0.16 |

View Document