SCHWARTZ SIMON
EDELSTEIN CELSO & ZITOMER LLC
By:   Patrick D. Tobia, Esq.
44 Whippany Road, Suite 210
P.O. Box 2355
Morristown, New Jersey 07962
(973) 301-0001
Attorneys for Defendant, Shapiro & Diaz
n/k/a Shapiro & Perez, LLP

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID and MARIANNE RIVERA, | CIVIL ACTION NO. 09-00021 (JEI) (JS) |
| Plaintiffs, | |
| vs. | |
| WASHINGTON MUTUAL FSB, COUNTRYWIDE HOME LOANS and SHAPIRO & DIAZ, JOHN DOE SERVICERS 1-100 AND JOHN DOE LAW FIRMS 1-100 | |
| Defendants. | |

**DEFENDANT SHAPIRO & DIAZ'S REPLY BRIEF IN SUPPORT
OF ITS MOTION TO DISMISS THE COMPLAINT**

{00418360; 1}

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

LEGAL ARGUMENT ........................................................................................................... 1

    POINT I .......................................................................................................................... 1

        THE ROOKER-FELDMAN DOCTRINE BARS PLAINTIFFS' CLAIMS AGAINST SHAPIRO & DIAZ SEEKING REVIEW OF STATE FORECLOSURE PROCEEDINGS ........................................................................... 1

    POINT II ......................................................................................................................... 2

        *RES JUDICATA* AND THE ENTIRE CONTROVERSY DOCTRINE BAR PLAINTIFFS' CLAIMS WHICH SHOULD HAVE BEEN RAISED IN THE CONTEXT OF THE BANKRUPTCY PROCEEDING OR THE FORECLOSURE PROCEEDING ........................................................................ 2

    POINT III ........................................................................................................................ 4

        THE VOLUNTARY PAYMENT DOCTRINE BARS PLAINTIFFS' CLAIMS ............. 4

    POINT IV ....................................................................................................................... 5

        PLAINTIFFS' CLAIMS FOR NEGLIGENCE, BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING AND UNJUST ENRICHMENT FAIL AS A MATTER OF LAW ................................................................................................. 5

    POINT V ........................................................................................................................ 7

        THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE AND PLAINTIFFS SHOULD NOT BE PERMITTED LEAVE TO AMEND THE COMPLAINT .............................................................................................................. 7

CONCLUSION ..................................................................................................................... 9

## TABLE OF AUTHORITIES

### Federal Cases

Allen v. Lasalle Bank, N.A., Civil No. 08-2240 (AET), Document No. 37 .................................. 9

Ayres-Fountain v. Eastern Sav. Bank, 153 Fed. App'x 91 (3d Cir. 2005) ................................... 2

Blake v. Papadakos, 953 F.2d 68 (3d Cir. 1992) ........................................................................ 1

Bracco Diagnostics, Inc. v. Bergan Brunswig Drug Co., 226 F. Supp. 2d 557 (D.N.J. 2002) ................................................................................................................................. 6

Hutchinson v. Delaware Savings Bank, FSB, 410 F. Supp. 2d 374 (2006) ............................ 3, 4

In re Knapper, 407 F.3d 573 (3d Cir. 2005) .............................................................................. 1

In re Nugent, 254 B.R. 14 (Bankr. D.N.J. 1998) ....................................................................... 3

In re Shaffer, 48 B.R. 952 (Bankr. N.D. Ohio 1985) ................................................................ 4

In re Stewart, 215 B.R. 633 (Bankr. M.D. Fla. 1997) ............................................................... 3

In re Woodmar Realty Co., 384 F.2d 776 (7th Cir.), cert. den. 389 U.S. 1040 (1967) ............. 3

McGreevy v. Stroup, 413 F.3d 359 (3d Cir. 2005) .................................................................... 9

Neitzke v. Williams, 490 U.S. 319 (1989) ................................................................................. 8

Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192 (3d Cir. 1993) ............ 8

Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008) .................................................. 8

Public Service Enterprise Group, Inc. v. Philadelphia Electric Co., 722 F. Supp. 184 (D.N.J. 1989) ..................................................................................................................... 6

Scheuer v. Rhodes, 416 U.S. 232 (1974) ................................................................................ 8-9

Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410 (3d Cir. 1999) ..................................................................................................................... 8

Syncsort Inc. v. Sequential Software Inc., 50 F. Supp. 2d 318 (D.N.J. 1999) ........................... 8

Trump Hotels & Casino Resorts Inc. v. Mirage Resorts Inc., 140 F.3d 478 (3d. Cir. 1998) ......... 8

Walker v. Horn, 385 F.3d 321 (3d Cir. 2004) ........................................................................... 1


### State Cases

Bak-A-Lum Corp. v. Alcoa Bldg. Products, 69 N.J. 123 (1976) .................................................. 6

Eisen v. Kostakos, 116 N.J. Super. 358 (App. Div. 1971) ........................................................ 3

LaSalle Nat'l Bank v. Johnson, 2006 WL 551563 at *2 (N.J. Super., Ch. Div. March 3, 2006) .................................................................................................................................. 3

Messner v. County of Union, 34 N.J. 233 (1961) ..................................................................... 5

Sons of Thunder v. Borden, Inc., 148 N.J. 396 (1997) .............................................................. 6

Sovereign Bank, FSB v. Kuelzow, 297 N.J. Super. 187 (App. Div. 1997) ............................ 2, 3

### Federal Rules

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 1, 7, 8

### State Rules

R. 4:64-5 ..................................................................................................................................... 3

## PRELIMINARY STATEMENT

Shapiro & Diaz, now known as Shapiro & Perez, LLP ("Shapiro"), submits this reply brief in further support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the complaint of David and Marianne Rivera ("Plaintiffs").

## LEGAL ARGUMENT

### POINT I

### THE ROOKER-FELDMAN DOCTRINE BARS PLAINTIFFS' CLAIMS AGAINST SHAPIRO & DIAZ SEEKING REVIEW OF STATE FORECLOSURE PROCEEDINGS

The Rooker-Feldman doctrine bars Plaintiffs' claims, which were already adjudicated in state court. Pursuant to the *Rooker-Feldman* doctrine, re-litigation of these state court claims may not be done before a federal court. Therefore, the complaint should be dismissed as against Shapiro.

The *Rooker-Feldman* doctrine "prohibits federal district courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling." In re Knapper, 407 F.3d 573, 360 (3d Cir. 2005). The doctrine applies to bar a claim when the claim was actually already litigated in the state court or when the claim is inextricably intertwined with the state court adjudication. Blake v. Papadakos, 953 F.2d 68, 71 (3d Cir. 1992). In essence, *Rooker-Feldman* does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders. See Walker v. Horn, 385 F.3d 321, 330 (3d Cir. 2004).

In opposing Shapiro's motion to dismiss, Plaintiffs reference the *Rooker-Feldman* doctrine in a discussion which misstates the facts of this case. Shapiro relies upon the facts *as pleaded* by Plaintiffs. The Complaint clearly and undeniably states that other courts already

adjudicated the amount of attorney's fees due. Nevertheless, Plaintiffs now allege that there was no adjudications of the amounts due. See Plaintiffs' Opposition Brief ("Opp. Brief") at 3. The state court judge in the foreclosure proceeding clearly considered the amounts due to be paid and actually ruled upon those amounts in the entry of final judgment. Moreover, Plaintiffs' assertion that their alleged injury arose after the entry of the foreclosure judgment is illogical and incorrect. The fees and costs issue was so inextricably intertwined with the adjudication of the foreclosure proceeding such that Plaintiffs should have raised the issue in the context of that proceeding. See Ayres-Fountain v. Eastern Sav. Bank, 153 Fed. App'x 91, 92 (3d Cir. 2005). The foreclosure court retained jurisdiction until at least the time that the deed is conveyed following a sheriff's sale. Sovereign Bank, FSB v. Kuelzow, 297 N.J. Super. 187, 196 (App. Div. 1997). Thus, there is no question as to whether this claim was adjudicated in state court, nor whether Plaintiffs had an opportunity to raise any issues related to this claim. Any review of this issue would operate to determine whether the foreclosure court was wrong or void and to impede the foreclosure court from enforcing its orders. Pursuant to the *Rooker-Feldman* doctrine, no such review is permissible, and Plaintiffs' claims against Shapiro should be dismissed.

## POINT II

### *RES JUDICATA* AND THE ENTIRE CONTROVERSY DOCTRINE BAR PLAINTIFFS' CLAIMS WHICH SHOULD HAVE BEEN RAISED IN THE CONTEXT OF THE BANKRUPTCY PROCEEDING OR THE FORECLOSURE PROCEEDING

Plaintiffs' failure to raise the issue of attorneys' fees in the context of the foreclosure or bankruptcy proceedings is fatal to their claims, and the complaint should be dismissed. Even if Plaintiffs were somehow permitted to challenge the amount of attorneys' fees outside the context of the foreclosure proceeding, such a challenge should have been asserted in the bankruptcy case.

Plaintiffs' failure to raise such a challenge bars them for attempting to now re-litigate the issue. Therefore, the complaint should be dismissed.

While it is undisputed that a final judgment in foreclosure was entered on June 4, 2002, the inquiry does not end there. A final judgment in foreclosure adjudicates a plaintiff's right to relief and also fixes the amount due to the plaintiff. Eisen v. Kostakos, 116 N.J. Super. 358 (App. Div. 1971). Thus, germane counterclaims and cross-claims may be pleaded in foreclosure actions without leave of court. R. 4:64-5. In that regard, since the foreclosure court retains jurisdiction up until the time that the deed is transferred (or an agreed-upon amount is paid), Plaintiffs' were required to raise their claims in the foreclosure proceeding. Kuelzow, supra, at 196; LaSalle Nat'l Bank v. Johnson, 2006 WL 551563 at *2 (N.J. Super., Ch. Div. March 3, 2006).

Even assuming they were not barred from asserting their claims outside the foreclosure case, Plaintiffs should have brought any objection they had to the attorneys' fees within the scope of the bankruptcy case. A debtor may challenge the validity of a proof of claim via objection or adversary proceeding. In re Stewart, 215 B.R. 633 (Bankr. M.D. Fla. 1997). It is clear, however, that challenges as to the inclusion of alleged "illegal interest" and "dead or non-existing lien claimants" should be made at the time the claims were allowed. See In re Woodmar Realty Co., 384 F.2d 776 (7th Cir.), cert. den. 389 U.S. 1040 (1967). The doctrine of *res judicata* bars re-litigation of any claim that could have been raised in a prior action even if it were not so raised. See In re Nugent, 254 B.R. 14, 22 (Bankr. D.N.J. 1998).

Plaintiffs attempt to preserve their claims by citing cases in which a Chapter 13 bankruptcy case was either converted to a Chapter 7 or dismissed by the debtor. In Hutchinson v. Delaware Savings Bank, FSB, 410 F. Supp. 2d 374 (2006), the Court held that a debtor who

did not identify a claim in its Chapter 13 petition but did identify the claim once the case was converted to a Chapter 7 case was not barred from raising the claim. In In re Shaffer, 48 B.R. 952 (Bankr. N.D. Ohio 1985), the debtors voluntarily abandoned their Chapter 13 case. Clearly, Hutchinson and Shaffer are distinguishable from the instant matter where Plaintiffs actually received a discharge in their bankruptcy case, which constitutes an adjudication of their case (contrary to Plaintiffs' assertions). See March 14, 2008 Order annexed to Certification of Patrick Tobia, previously submitted, ("Tobia Cert.") as Exhibit E.

In this case, Plaintiffs were required to raise any issues regarding the amounts to be paid to their lender in the context of the foreclosure proceeding, which was still open until July 2007 when Plaintiffs resolved the outstanding payments and the foreclosure action was dismissed with prejudice. Moreover, any opportunity Plaintiffs had to challenge the amount of attorneys' fees outside the realm of the foreclosure proceedings, arose in the context of the bankruptcy case. There, if Plaintiffs opposed the proof of claim submitted in the bankruptcy case, they should have filed an objection or instituted an adversary proceeding to contest the validity of the proof of claim. Having failed to raise the issue within either the foreclosure case or the bankruptcy case, Plaintiffs cannot properly bring this matter in the current litigation. Therefore, the complaint should be dismissed.

## POINT III

### THE VOLUNTARY PAYMENT DOCTRINE BARS PLAINTIFFS' CLAIMS

Contrary to Plaintiffs' assertions, their claims are also barred by the application of the voluntary payment doctrine. The amounts at issue were fully disclosed to Plaintiffs prior to their assent to pay. Therefore, Plaintiffs' claims are barred.

The voluntary payment doctrine applies to prohibit a party from contesting a sum which it voluntarily paid after having had that sum disclosed in advance. Messner v. County of Union, 34 N.J. 233 (1961). It is undisputed that Plaintiffs' settled the issue of outstanding payments during the bankruptcy proceeding. See Tobia Cert., Exhibit C. It is indisputable that Plaintiffs had an attorney and at least two forums (the foreclosure and bankruptcy cases) to contest the issue of the fees. However, in July 2007, Plaintiffs paid those remaining amounts due.

Plaintiffs' lengthy discussion concerning recent case law addressing the New Jersey Truth in Consumer Contract, Warranty and Notice Act and the New Jersey Consumer Fraud Act is irrelevant – no allegations under those statutes have been made against Shapiro. See Tobia Cert., Exhibit A. Plaintiffs were not unaware of any material facts and were given a detailed payoff statement per their attorney's request. Any mistake as to whether any of the defendants were actually entitled to such fees and costs is purely one of law and not fact. Therefore, the Amended Complaint must be dismissed.

## POINT IV

### PLAINTIFFS' CLAIMS FOR NEGLIGENCE, BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING AND UNJUST ENRICHMENT FAIL AS A MATTER OF LAW

Plaintiffs' claims of negligence, breach of duty of good faith and fair dealing and unjust enrichment against Shapiro must be dismissed because Plaintiffs cannot demonstrate that Shapiro owed them any legal duty. It is indisputable that Shapiro was not Plaintiffs' counsel. It is similarly indisputable that Plaintiffs had their own counsel during both the foreclosure and bankruptcy cases. Shapiro owed no legal duty to Plaintiffs and was not unjustly enriched. Therefore, Plaintiffs' claims against Shapiro must be dismissed.

Moreover, it is significant to note that Plaintiffs do not, nor can they, allege that Shapiro was in any way involved in securing the Plaintiffs' payment of the payoff (including fees) in July

2007. In the absence of any such allegation, Shapiro cannot be held liable for demanding and collecting the subject fees on behalf of its client from the Plaintiffs. Therefore, the amended complaint must be dismissed.

Plaintiffs' claim of negligence must be dismissed, as their claim is barred by the economic loss doctrine. This doctrine "prohibits plaintiffs for recovering in tort economic losses to which their entitlement only flows from a contract." Bracco Diagnostics, Inc. v. Bergan Brunswig Drug Co., 226 F. Supp. 2d 557, 562 (D.N.J. 2002). Plaintiffs are barred from recovering purely economic losses resulting from a defendant's negligent or otherwise tortious behavior without proof that the defendant's conduct caused actual physical harm. Public Service Enterprise Group, Inc. v. Philadelphia Electric Co., 722 F. Supp. 184, 193 (D.N.J. 1989). Plaintiffs' claim for purely economic loss is, pursuant to case law, insufficient to support a claim for negligence. Therefore, Count II of the Amended Complaint should be dismissed.

Plaintiffs' claim that Shapiro breached the duty of good faith and fair dealing must also be dismissed as there was no contractual relationship between Plaintiffs and Shapiro. Every contract under New Jersey law contains an implied covenant of good-faith and fair dealing. See Sons of Thunder v. Borden, Inc., 148 N.J. 396 (1997); Wilson v. Amerada Hess Corp., 168 N.J. 236 (2001); Bak-A-Lum Corp. v. Alcoa Bldg. Products, 69 N.J. 123, 129-130 (1976). Under this principle, "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Bak-A-Lum, 69 N.J. at 129. In this case, it is indisputable that there was no contractual relationship between Shapiro and Plaintiffs. No such relationship could even be inferred since, at the time of the alleged discussions concerning attorneys' fees and costs, Plaintiffs themselves had already enlisted the services of their current counsel.

No privity of contract existed between Plaintiffs and Shapiro. Shapiro represented the lender and/or servicer in connection with the underlying matters. Plaintiffs retained their own counsel. Shapiro was in a clearly adversarial position, in the context of litigation, with respect to Plaintiffs concerning the alleged disputed fees. Therefore Shapiro owed no contractually-based duty to Plaintiffs, and Count III should be dismissed as against Shapiro.

Moreover, as Shapiro set forth in its initial brief, Plaintiffs cannot demonstrate that Shapiro was unjustly enriched. Shapiro, as the lender's attorneys, would have received payment for its fees no matter who paid them. The real beneficiary of Plaintiffs' payment of the alleged fees and costs in the entity who no longer had to pay those fees and costs, i.e. Washington Mutual and Countrywide. Therefore, the Count IV of the Amended Complaint should be dismissed.

In sum, Plaintiffs' claims, even if true, are insufficient to attach liability to Shapiro. Therefore, Plaintiffs' claims for negligence, breach of duty of good faith and fair dealing and unjust enrichment do not set forth claims upon which relief may be granted and, as a matter of law, must be dismissed.

## POINT V

### THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE AND PLAINTIFFS SHOULD NOT BE PERMITTED LEAVE TO AMEND THE COMPLAINT

Plaintiffs' request for discovery and an opportunity to amend the complaint must be denied. A complaint that fails to state a claim upon which relief can be granted is subject to dismissal. Fed. R. Civ. P. 12(b)(6). While a court is required to accept the facts in the pleadings as true and afford the plaintiff all reasonable inferences, a court must nevertheless dismiss a complaint if, "it is clear that no relief could be granted under any set of facts that could be proved

consistent with the allegations." See Trump Hotels & Casino Resorts Inc. v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d. Cir. 1998); see also Neitzke v. Williams, 490 U.S. 319, 326-327 (1989). Moreover, the plaintiff must demonstrate a sufficient showing to justify moving the case beyond the pleadings stage. Phillips v. County of Allegheny, 515 F.3d 224, 324-25 (3d Cir. 2008).

A court reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits and matters of judicial notice. Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may also consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Documents expressly relied upon by a plaintiff or documents which are integral to the pleadings may be considered without turning a motion to dismiss into one for summary judgment. Syncsort Inc. v. Sequential Software Inc., 50 F. Supp. 2d 318, 325 (D.N.J. 1999).

In the present matter, Plaintiffs complain that discovery must be permitted particularly in light of Shapiro's reliance on materials outside of the Amended Complaint itself. However, Shapiro has relied on documents, which are undisputedly authentic and which Plaintiffs' claims are based. Therefore, Shapiro's reliance upon these documents is proper, and the motion should not be converted into one for summary judgment.

In addition, Plaintiffs' plea for discovery cannot change the simple fact that the Amended Complaint, as alleged against Shapiro, is insufficient to attach liability to Shapiro. No discovery is warranted because such discovery would relate only to Plaintiffs' factual allegations, which, for the purposes of this motion, are already taken as true. See Scheuer v. Rhodes, 416 U.S. 232,

236 (1974). The issue remains that the allegations, even if true, are insufficient to set forth a claim against Shapiro. Therefore, the Amended Complaint should be dismissed.

Further, Plaintiffs' request for permission for leave to again amend the Complaint should be denied. Such a request must be denied when the request is futile. McGreevy v. Stroup, 413 F.3d 359, 371 (3d Cir. 2005). Plaintiffs' counsel has filed other similar actions in federal district court, and claims against law firms have been whittled down to the very claims asserted against Shapiro here. See, e.g., Allen v. Lasalle Bank, N.A., Civil No. 08-2240 (AET), Document No. 37. Thus, it appears unlikely that any additional claims could be successfully advanced against Shapiro in an amended pleading. Therefore, the request for leave to file another Amended Complaint should be denied, and the Amended Complaint should be dismissed with prejudice as against Shapiro.

## CONCLUSION

For the reasons set forth above, Defendant Shapiro & Diaz respectfully submits that the Complaint be dismissed with prejudice.

<div style="text-align:right">
SCHWARTZ SIMON<br>
EDELSTEIN CELSO & ZITOMER, LLC<br>
Attorneys for Defendant, Shapiro & Diaz<br>
<br>
By: _____<br>
Patrick D. Tobia
</div>

Dated: June 8, 2009