# United States District Court
## District of New Jersey

LAW OFFICES OF LEWIS G. ADLER
26 Newton Avenue
Woodbury, New Jersey  08096
(856) 845-1968

| | |
|---|---|
| **David A. and Marianne M. Rivera** <br> **Individually and as a class representative** <br> **On behalf of others similarly situated** <br> **Plaintiff** <br><br> vs. <br><br> **COUNTRYWIDE HOME LOANS,** <br><br> **Defendant.** | CASE NO. <br>        1:09-cv-0021 (JEI)(JS) <br><br> <u>Civil Action</u> |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT**

Lewis G. Adler, Esq.
Roger C. Mattson, Esq.
On the Brief

TABLE OF CONTENTS

STATEMENT OF FACTS ............................................................................................... 1

PROCEDURAL HISTORY............................................................................................... 1

LEGAL ARGUMENT……………………………………………………………………..1

    I.    *THE PLAINITFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT SHOULD BE GRANTED.*    *1*

CONCLUSION………………………………………………………………………… 3

TABLE OF AUTHORITIES

**Cases**
*Del Sontro v. Cedant,* 223, F. Supp. 563,576 (D.N.J. 2002) ............................................... 1
*Richenbach v. Wells Fargo, Case Number 08-cv-2687 (D.N.J. June 29, 2009);………  …3*
 *Whittingham v. Mortgage Electronic Registration Services, Inc.,*
    No. 06-3016, slip opinion (D.N.J. May 15, 2007) ……………………….3
**Rules**
*Fed.R.Civ.P. 15(a)* ......................................................................................................  1

## STATEMENT OF FACTS

Plaintiffs will rely upon the facts set forth in the Certification of Counsel submitted in support of their motion.

## PROCEDURAL HISTORY

The Plaintiffs commenced the present action by filing a Complaint. The Defendants filed motions to dismiss the complaint. The court granted the motions in its decision and order of July 10, 2009.  The instant motion is filed in accordance with the court's decision.

## LEGAL ARGUMENT

I.   THE PLAINITFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT  SHOULD BE GRANTED.

The Plaintiffs move  to file a second amended complaint pursuant to the court's order and decision in this matter.  The proposed complaint is attached to the moving papers and seeks to address the issues raised by this court in its decision.

This court noted the standards for amending a complaint in the case Del Sontro v. Cedant, 223, F. Supp. 563,576 (D.N.J. 2002)

> Pursuant to Fed.R.Civ.P. 15(a) , once a response to a party's pleading is served, that pleading may be amended only by leave of court or by written consent of the adverse party. Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a) . A general presumption exists in favor of allowing a party to amend its pleadings. Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir.), cert. denied, 469 U.S. 871, 105 S. Ct. 221, 83 L. Ed. 2d 150 (1984). Leave to amend a complaint should be granted freely in the absence of undue delay or bad faith on the part of the movant as long as the amendment would not be futile and the opposing party would not suffer undue prejudice. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); Adams v. Gould Inc., 739 F.2d 858, 864 (3d

> *Cir.1984), cert. denied, 469 U.S. 1122, 105 S. Ct. 806, 83 L. Ed. 2d 799 (1985).*
>
> *"[A] refusal of a motion for leave to amend must be justified," and the Third Circuit has identified the following as permissible justifications: "(1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment." Riley v. Taylor, 62 F.3d 86, 90 (3d Cir. 1995) (citing Conley v. Gibson, 355 U.S. 41, 48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir.1988).*

The court in its opinion of July 10, 2009 held that " The Court does not view the Amended Complaint as asserting claims arising out of Defendants' actions in the bankruptcy cases." The purpose of the amended complaint is to clarify the issues as raised by the court in its opinion of July 10, 2009. Specifically, the Plaintiffs contend that the total of all of the attorneys fees and other costs paid by the Plaintiffs up to and including paying off the mortgage as may have been incurred from the time of default of the mortgage through the various bankruptcies were in excess of the amounts allowed by the mortgage, note, and applicable law.

The Plaintiffs believe that the second amended complaint as proposed addresses the issues raised by the court. Further the filing of this complaint should not be deemed futile. The Plaintiff has eliminated two parties from the complaint and several counts as well to help focus the litigation. The remaining claims are addressed to the Defendant Countrywide as this defendant received all of the monies directly from the Plaintiffs. The five counts of the second amended complaint are as follows:

1) Breach of Contract;

2) Breach of the Covenant of Good Faith and Fair Dealing;

3) Unjust Enrichment;

4) New Jersey Consumer Fraud; and

5) The New Jersey Truth-In-Consumer Contract, Warranty and Notice Act.

Other courts have found these same claims as viable against other mortgage lenders after similar motions to dismiss. See *Richenbach v. Wells Fargo, Case Number 08-cv-2687 (D.N.J. June 29, 2009); Whittingham v. Mortgage Electronic Registration Services, Inc.,* No. 06-3016, slip opinion (D.N.J. May 15, 2007).

## CONCLUSION

For the foregoing reasons, it is respectfully requested that an order be entered allowing the filing of the amended complaint.

                                                Respectfully submitted,

Date:  August 10, 2009                 /s/Lewis G. Adler
                                           LEWIS G. ADLER, ESQ.