IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| DAVID AND MARIANNE RIVERA,<br>　individually and on behalf of<br>　all those similarly situated<br><br>　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>WASHINGTON MUTUAL, FSB,<br>COUNTRYWIDE HOME LOANS,<br>SHAPIRO & DIAZ, JOHN DOE<br>SERVICERS 1-100 AND JOHN DOE<br>LAW FIRMS 1-100<br><br>　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:09-cv-00021-JEI-JS |

**DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION
TO FILE A SECOND AMENDED COMPLAINT**

## Table of Contents

**Page**

TABLE OF AUTHORITIES ............................................................... iii

LEGAL STANDARD ..........................................................................3

ARGUMENT ......................................................................................4

I.   THE RIVERAS DO NOT SHOW THAT THEIR PROPOSED
     AMENDMENTS ADDRESS THE COURT'S CONCERNS. ...................4

II.  THE PROPOSED AMENDMENTS CONTAIN NO NEW
     ALLEGATIONS TO SHOW THE FEES AND COSTS WERE
     IMPROPER..................................................................................5

     A.   The Riveras Have Alleged Nothing New As To Foreclosure
          Fees...........................................................................................6

     B.   The Riveras' Attempt To State Claims Regarding Fees Listed
          on Proofs of Claim Is Also Futile. .......................................7

III. RIVERAS' FAILURE TO PLEAD FACTS TO ESTABLISH
     THE IMPROPRIETY OF ANY FEES RENDERS THEIR
     PROPOSED SECOND AMENDED COMPLAINT FUTILE. ...............10

     A.   The Fees Would Not Constitute A Breach Of Contract......................10

     B.   There Can Be No Breach Of Duty Of Good Faith And Fair
          Dealing Where The Fees and Costs Were Legal. ...............11

     C.   The Proposed Unjust Enrichment Claim Also Would Be Futile
          Because The Fees And Costs Did Not Violate the Contract. .............12

**IV.  Countrywide Has Several Additional Arguments That Render The Riveras' Proposed Amendments Futile.** ..............................................14

**CONCLUSION** ......................................................................................................15

## TABLE OF AUTHORITIES

<u>CASES</u>:                                                                          <u>**PAGE(S)**</u>

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1943 (2009) ..........................................................4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................4

*Bosland v. Warnock Dodge, Inc.*, 2009 WL 414336 (N.J. Feb. 19, 2009) ..............13

*D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) ............................................15

*Deerman v. Federal Home Loan Mortgage Corp.*, 955 F.Supp. 1393, 1404
    (N.D. Ala. 1997), *aff'd* 140 F.3d 1043 (11th Cir. 1998) ...................................15

*Foman v. Davis*, 371 U.S. 178 (1962) ......................................................................3

*In re A&P Diversified Technologies Realty, Inc.*, 467 F.3d 337 (3d Cir.
    2006) ....................................................................................................................8

*In re Banks*, 223 Fed. App'x 149 (3d Cir. 2007) ....................................................15

*In re Alden*, 134 B.R. 563 (Bankr. E.D. Mich. 1990) ...............................................9

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997) ................3

*In re Price*, 361 B.R. 68 (Bankr. D.N.J. 2007) .........................................................8

*Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289 (3d Cir. 1988) ................3

*Peduto v. City of N. Wildwood*, 878 F.2d 725 (3d Cir. 1989) ........................... 14-15

*Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) .................................4

*Roberts v. Cameron-Brown Co.*, 556 F.2d 356 (5th Cir. 1977) ...............................9

*Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923) ..........................................................15

*Ryan Ops. G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355 (3d Cir. 1996) ......15

*Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000) .........................................................3

*Woodward-Clyde Consultants v. Chem. & Pollution Scis., Inc.*, 523 A.2d
    131 (N.J. 1987) ..................................................................................................15

iii

## STATUTES

11 U.S.C. § 541(a)(1)..................................................................................................15

## RULES AND REGULATIONS

Fed. R. Civ. P 15(a)......................................................................................................3

Fed. R. Civ. P 12(b)(6).................................................................................................3

24 C.F.R. § 203.554(b).................................................................................................9

N.J. Ct. R. 4:42-9(A)(4)............................................................................................ 6-7

N.J. Ct. R. 4:42-10(a)...................................................................................................7

Plaintiffs David and Marianne Rivera ("Plaintiffs" or the "Riveras") present no basis in their Motion to File A Second Amended Complaint ("Motion") for allowing them to reassert what amounts to be the same causes of action that this Court has already held fail to state a claim. The proposed amendments do not address the legal and factual deficiencies in the Riveras' claims. Thus, amendment would be futile and defendant Countrywide Home Loans, Inc. ("Countrywide") requests that the Motion be denied.

The Riveras filed this action on January 2, 2009 and amended their complaint on February 1, 2009. (Dkt. Nos. 1 and 4.) Countrywide moved to dismiss Plaintiffs' First Amended Complaint on April 27, 2009. (Dkt. No. 9.) This Court granted Countrywide's motion on July 10, 2009. (Dkt. Nos. 19 and 20.) In its Opinion, the Court carefully deciphered the Riveras' "hopelessly muddled, misstated and mangled Amended Complaint" and found that the allegations contained therein failed to state a claim upon which relief could be granted. *See* July 10 Opinion at 1-2, 22, 24, 26, 27, 29, 31, 34. In its Opinion, the Court permitted the Riveras' leave to file a Motion to Amend the Amended Complaint "insofar as [the Riveras] wish to assert claims not considered in this opinion or claims that would not be barred by the legal holdings the Court has made herein." *Id*. at 34.

In response, the Riveras filed their Motion to File a Second Amended Complaint on August 10, 2009.  (Dkt. No. 21.)  In their proposed Second Amended Complaint, the Riveras now seek to assert essentially the same causes of action as before, based on factual allegations that this Court already found insufficient to state a claim for relief.  Specifically, the Riveras seek to reassert five claims already rejected by this Court:  breach of contract (Count I), breach of the duty of good faith and fair dealing (Count II), unjust enrichment (Count III), and violations of New Jersey's Consumer Fraud Act ("CFA") (Count IV) and Truth In Consumer Contract, Warranty & Notice Act ("TCCWNA") ("Count V").

The Riveras should not be permitted to assert their amended claims in Counts I-IV because those counts all allege—as they did before—that Countrywide's conduct in charging the fees and costs at issues in connection with the Riveras' foreclosure and bankruptcy proceedings ran afoul of the Fair Housing Act of 1968 ("FHA") and certain New Jersey Court Rules.  In the July 10 Opinion, however, this Court held that none of the fees and costs Countrywide charged the Riveras violated the FHA or the Court Rules.  Accordingly, the Riveras should not be allowed to re-assert such claims now.  The proposed amended Count V, for violation of the TCCWNA, is also futile because, despite the Court's instructions in the July 10 Opinion, the Riveras still do not allege facts to demonstrate the TCCWNA applies to Countrywide or the mortgage contracts at issue.

2

For these reasons, the Riveras' Motion should be denied and this case dismissed.

## LEGAL STANDARD

After a party amends its pleading once, that party may further amend its pleading only with the opposing party's written consent or the Court's leave.[1]  Fed. R. Civ. P. 15(a).  A court may deny leave to amend if there is undue delay, bad faith, dilatory motive, or prejudice, or if granting leave to amend would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  Amendment of a pleading is futile if the amendment does not cure the deficiencies of the previous complaint, or if the amended complaint could not withstand a renewed motion to dismiss.  *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).

To asses "futility" under Rule 15(a), the Court should apply the same standard of legal sufficiency as applies under Rule 12(b)(6).  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  Thus, the Riveras' proposed Second Amended Complaint should only be allowed if, in light of this Court's previous Opinion, the proposed Second Amended Complaint could allege "enough facts to state a claim

---

[1]    Countrywide did not, and does not, consent to the Riveras' further amendment of the Complaint.

to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1943 (2009).

## ARGUMENT[2]

## I.   THE RIVERAS DO NOT SHOW THAT THEIR PROPOSED AMENDMENTS ADDRESS THE COURT'S CONCERNS.

The Court said it would consider granting the Riveras leave to amend only if they could show that further amendment of their complaint could avoid the deficiencies of the First Amended Complaint and would not be futile. *See* July 10 Opinion at 34; *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). They have not done so. The Riveras' Motion is a mere three (3) pages long and the entirety of their argument that the proposed Second Amended Complaint would not be futile is as follows:

> The Plaintiffs believe that the second amended complaint as proposed addresses the issues raised by the court [in its July 10 Opinion]. ***Further the filing of this complaint should not be deemed futile.  The Plaintiff has eliminated two parties from the complaint and several counts as well to help focus the litigation.*** The remaining claims are addressed to the Defendant Countrywide as this defendant received all of the monies directly from the Plaintiffs.

---

[2]   In the event that Plaintiffs' Motion is granted, Countrywide reserves its right to respond to the proposed Second Amended Complaint appropriately, including by filing a Motion to Dismiss.

4

Motion at 2.  The Riveras baldly assert that their proposed Second Amended Complaint addresses the Court's concerns.  But the only specific explanation or guidance the Riveras provide to the Court or Countrywide as to why the proposed Second Amended Complaint is not futile is that they tried to "focus" the litigation by removing two defendants and several counts.  Without more, the Riveras' Motion does not show the Court how their proposed amendment "would not be barred by the legal holdings the Court" made in the July 10 Order.  Indeed, as discussed below, the proposed amendments do not sufficiently address those holdings and would be futile.

## II.     THE PROPOSED AMENDMENTS CONTAIN NO NEW ALLEGATIONS TO SHOW THE FEES AND COSTS WERE IMPROPER.

The Court's July 10 Order made clear that any proposed amendment by the Riveras must assert claims that are not otherwise barred by the findings in the Order.  Nevertheless, in their proposed Second Amended Complaint, Plaintiffs once again seek to complain about fees and costs assessed to them during their foreclosure and bankruptcy proceedings.  The Riveras claim their allegations will show that the:

> total amount of all of the attorneys fees and other costs paid by the Plaintiffs up to and including paying off the mortgage as may have been incurred from the time of default  of the mortgage through the various bankruptcies were in excess of the amounts allowed by the mortgage, note and applicable law.

Motion at 2.  But all of the allegedly illegal fees and costs the Riveras complain of were already considered in connection with the First Amended Complaint, and this Court dismissed all claims related to those fees.  *See* First Amended Complaint ¶¶ 16-22, 46-48; see also July 10 Opinion at 26, 27, 29.  And, as none of the fees and costs assessed during either the Riveras' bankruptcy or their foreclosure were illegal, they still do not establish any basis for the Riveras' claims, rendering their proposed amendment futile.

The bulk of the Riveras' "new" allegations are simply details copied from what the Court described in its Opinion after reviewing the First Amended Complaint and Countrywide's Motion to Dismiss and which formed the basis of dismissal.  *See, e.g.,* July 10 Opinion at 4-8.  These facts were already considered and rejected as the basis for the Riveras' claims.  Accordingly, the Riveras' addition of details such as the fees and charges listed on the proofs of claim filed in their bankruptcy proceedings, for example, does not provide any new reason for the Court to hold that the fees and charges were improper and does not solve the problem of futility.

## A.     The Riveras Have Alleged Nothing New As To Foreclosure Fees.

With respect to foreclosure fees, this Court already expressly held that "the costs and fees charged to Plaintiffs complied with New Jersey Court Rules 4:42-

9(a)(4) and 4:42-10(a)."[3]   July 10 Opinion at 19.  Since the foreclosure fees did not violate either of these Rules, the Riveras' could not state any claim premised on their having been overcharged foreclosure costs and fees.  The Court also held that none of the fees and costs violated the FHA regulations cited by the Riveras.  *Id.* at 24.

Despite the Court's clear ruling, the Riveras' proposed amendment seeks redress for the exact fees and charges that this Court already held were proper.  *See* Proposed Second Amended Complaint ¶¶ 86-99.  Having not shown that they have alleged anything new, different, or viable regarding the foreclosure fees and costs, the Riveras' proposed amendment of claims related to such amounts must be deemed futile, and therefore rejected.

### B.   The Riveras' Attempt To State Claims Regarding Fees Listed on Proofs of Claim Is Also Futile.

The Riveras' hope to state a claim regarding allegedly improper fees sought through bankruptcy proofs of claim fares no better because they have not alleged new facts to establish that such fees are improper either.  Once again, the Riveras' base their allegations that the fees were improper on two things:  New Jersey Court

---

[3]   The Court explained in its July 10 Opinion that Rule 4:42-9(a)(4) applies to "attorneys fees in mortgage foreclosure actions" and Rule 4:42-10(a) applies to "title searches."  *See id.* at 20, 21.

7

Rules and the FHA.  Neither of these limit the amounts listed on the proofs of claim.

Plaintiffs cite *In re A&P Diversified Technologies Realty, Inc.*, 467 F.3d 337, 341 (3d Cir. 2006), for the proposition that a lender cannot seek fees through a proof of claim filed in a subsequent bankruptcy in excess of those allowed in an initial foreclosure judgment.  Proposed Second Amended Complaint ¶ 62.  But as the bankruptcy court for this district has explained, when a party takes steps such as declaring bankruptcy to avoid a foreclosure judgment, it is "patently unequitable that a lender should be limited to the rights [to collect fees] under a foreclosure judgment, yet be thwarted in its efforts to include all outlays in the judgment itself."  *In re Price*, 361 B.R. 68, 77-78 (Bankr. D.N.J. 2007).  As was the case with the lender in *Price,* Countrywide (or Washington Mutual, the previous servicer of the Riveras' mortgage) had repeatedly sought relief from the automatic stay in order to proceed with the foreclosure action against the Riveras.  Each time, those efforts were thwarted by the Riveras' successful reinstatement of their bankruptcy stay.  *See* July 10 Opinion at 6-9.  As in *Price*, therefore, the Riveras cannot now seek to avoid their payment of the contractually due foreclosure fees

and costs incurred by Countrywide (and approved by the bankruptcy court) during those proceedings.[4]

Finally, as recognized by this Court in its July 10 Opinion, even if certain limitations cited now by the Riveras could apply to the fees sought in the Riveras' proofs of claim filed in either bankruptcy court action, the Riveras waived any attempt to contest those fees by not doing so in the bankruptcy court action. *See* July 10 Opinion at 5 ("Plaintiffs filed no objection to either proof of claim."). Not only did the Riveras not object to the proofs of claim, but the fees were subsequently approved by the bankruptcy court. *See* July 10 Opinion at 5, 7. Thus, having waived their right to challenge the fees and costs in bankruptcy and failing to allege new facts concerning the fees in their proposed Second Amended

---

[4]     Nor should the Court pause to address the Riveras' citation (Proposed Second Amended Complaint ¶¶ 61, 87, 90, 100, 110, 116, 123, 141) to FHA guidelines.  In the July 10 Opinion, the Court explained that "reasonable fees under FHA regulations are determined by reference to the state's maximum limit for fees." (July 10 Opinion at 23-24) (citing 24 C.F.R. § 203.554(b); *In re Alden*, 134 B.R. 563, 565 (Bankr. E.D. Mich. 1990)).  But in any event, even if Countrywide did not fully comply with an alleged FHA guideline concerning fees, that would not provide the Riveras any basis for arguing the foreclosure fees were improper. *See*, *e.g*., *Roberts v. Cameron-Brown Co*., 556 F.2d 356, 362 (5th Cir. 1977) (HUD handbook relating to the servicing of mortgages did not create a private cause of action in favor of mortgagee); *Deerman v. Federal Home Loan Mortgage Corp*., 955 F.Supp. 1393, 1404 (N.D. Ala. 1997), *aff'd* 140 F.3d 1043 (11th Cir. 1998).

Complaint, the Riveras have not presented any reason for the Court to reconsider its prior order and allow this lawsuit to proceed with respect to the fees.[5]

## III.  RIVERAS' FAILURE TO PLEAD FACTS TO ESTABLISH THE IMPROPRIETY OF ANY FEES RENDERS THEIR PROPOSED SECOND AMENDED COMPLAINT FUTILE.

In order to bring the proposed Second Amended Complaint, the Riveras must be able to show that their causes of action will not suffer the same fate as before.  As with their previous complaint, however, since the Riveras' proposed amendment do not establish that any of the fees and costs at issue were improper, allowing them to assert the claims again would be futile.

### A.  The Fees Would Not Constitute A Breach Of Contract.

The Riveras' breach of contract action will once again fail because the Court has already determined that all of the foreclosure fees and costs at issue in this case were proper.  *See* July 10 Opinion at 19-21, 24-27.  And, as discussed above, the Riveras' half-hearted attempt to state new allegations regarding fees collected through bankruptcy cannot save this cause of action.

---

[5] Aside from the amounts included on the proofs of claim, in each of the Riveras' bankruptcies, either Countrywide or Washington Mutual moved for relief from the automatic stay.  In resolving those motions, the bankruptcy court entered a consent order approving the Riveras' agreement to make past due payments and to pay attorneys' fees and costs.  *See* Motion to Dismiss at 7-8.

While the Riveras at least cite specific provisions of the contracts this time around, they still cannot show that any of the fees and costs at issue violated those provisions. Indeed, as the fees and costs alleged in the proposed Second Amended Complaint were not in violation of any law, the Riveras still cannot explain how paragraph 6(c) of the note was breached. *See* Proposed Second Amended Complaint ¶ 91. Likewise, their allegations do not explain how the fees and costs ran afoul of paragraphs 10 and 18 in the mortgage, where those provisions allow Countrywide to collect all fees and costs incurred in connection with foreclosures—and all such fees have already been deemed appropriate by this Court. *See* July 10 Opinion at 24.

Despite their attempts to provide more details in the proposed Second Amended Complaint, therefore, the Riveras' still do not address this Court's reasons for dismissal of the breach of contract claim in the July 10 Opinion.

**B.      There Can Be No Breach Of Duty Of Good Faith And Fair Dealing Where The Fees and Costs Were Legal.**

As the Court explained in its July 10 Opinion, a claim for breach of the duty of good faith and fair dealing is also wholly dependent on a showing that the fees charged were improper. *See* July 10 Order at 31. Thus, to the extent the fees the Riveras complain about were legal, there can be no claim for breach of the duty of good faith and fair dealing. The Riveras allege that the same fees and costs at the heart of their breach of contract claim also violate this duty. *See* Proposed Second

11

Amended Complaint ¶¶ 106-19.  But as already noted, the Riveras cannot state a claim to show that the fees are illegal, and thus their amendment to assert a breach of the duty of good faith and fair dealing would be futile.

### C.  The Proposed Unjust Enrichment Claim Also Would Be Futile Because The Fees And Costs Did Not Violate the Contract.

This Court held that to the extent the unjust enrichment count was "based on Count 1 [for breach of contract] . . . the claims must be dismissed for the reasons already discussed [*i.e.*, the fees and costs do not violate New Jersey Rules, the FHA, or the loan documents]."  July 10 Opinion at 31-32.  In again seeking to allege unjust enrichment, the Riveras have added nothing that could cause the Court to reach a different conclusion.  The heart of the unjust enrichment claim is that the costs and fees violate the mortgage and note.  Proposed Second Amended Complaint ¶ 124.  As with the alleged breach of contract, this claim, too, ultimately relies on alleged violations of the New Jersey Rules and the FHA that this Court already rejected.

As discussed above, the Riveras' proposed allegations do nothing to establish that this Court's prior ruling on the propriety of the fees and costs at issue would not apply to the proposed Second Amended Complaint.  Without allegations to show that the fees and costs violated the cited statutes and the mortgage contract, there can be no unjust enrichment.  Accordingly, the Riveras' proposed amendment to their unjust enrichment claim would also be futile.

### D. The Proposed New Jersey Consumer Fraud Act Claim Fails For The Same Reasons As Before.

The Riveras once again fail to plead a predicate act for their claim under the CFA. As this Court explained, claims under the CFA require proof of unlawful conduct by the defendant. July 10 Opinion at 24; *see also Bosland v. Warnock Dodge, Inc*., 197 N.J. 543, 557 (2009). Like the other counts, Count IV would be premised on the allegations that the fees and costs at issue were improper under otherwise actionable New Jersey law—which this Court rejected in the July 10 Opinion and that the Riveras have not proposed allegations sufficient to resurrect.[6] Accordingly, the Riveras have not shown how their proposed Second Amended Complaint would plead an underlying wrong sufficient to form the basis of their CFA claim. Thus, the Riveras' proposed amendment to their CFA claim is futile.

### E. The Proposed Amended Complaint Still Does Not Establish That The Truth in Consumer Contract, Warranty, and Notice Act Applies.

In its July 10 Opinion, this Court held that "Plaintiffs have not identified which provisions of either the [note or mortgage] allegedly violate a clearly established right of Plaintiffs or responsibility of Countrywide." July 10 Opinion

---

[6] In any event, this Court held that there is no "independent private right of action to remedy violations of New Jersey Court Rules." July 10 Opinion at 21 n.18; 22 n.19; 23 n.21. As a result, there is a substantial question as to whether those Rules can provide the foundation for a renewed CFA claim.

at 25. They still have not done so. The Riveras do not point to any provisions of either the note or mortgage that violates any of their clearly established rights, as necessary to state a TCCWNA claim.

Furthermore, the Riveras do not address this Court's concerns that the TCCWNA would not apply because the Riveras had not shown that (a) the mortgage and note are "consumer contracts" to which the TCCWNA applies and (b) the TCCWNA "applies to Countrywide even though it was not the lender who originally entered into the contracts with Countrywide." July 10 Opinion at 25, n.22.

The Riveras' proposed amendment does not resolve any of these issues. Accordingly, the Riveras' attempt to amend to bring a claim under New Jersey's TCCWNA should be rejected as futile.

## IV.    Countrywide Has Several Additional Arguments That Render The Riveras' Proposed Amendments Futile.

In its decision granting Countrywide's motion to dismiss, the Court did not need to rely on several additional arguments raised by Countrywide. Those arguments—which would apply equally to the proposed Second Amended Complaint and would require the dismissal of all or part of the Riveras' claims— include (among others):

- New Jersey's entire controversy doctrine requires dismissal of all claims regarding foreclosure fees and costs. *See Peduto v. City of N. Wildwood*,

878 F.2d 725, 727 (3d Cir. 1989) (citing *Woodward-Clyde Consultants v. Chem. & Pollution Scis., Inc.*, 523 A.2d 131, 135 (N.J. 1987)).

- The *Rooker-Feldman* doctrine prevents federal court review of a state court foreclosure judgment, and so requires dismissal of the foreclosure-related claims.  *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); July 10 Opinion at 19-20 n.17 ("To the extent Plaintiffs may be trying to recover money they paid on the foreclosure judgment, it would appear that they are indeed seeking redress for an injury caused by a state court judgment.").

- Judicial estoppel bars the Riveras from raising their claims because they chose to hide them in their bankruptcy filings.  *See Ryan Ops. G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996) (a cause of action cause was an asset that they should have disclosed on their Schedule Bs as a "contingent or unliquidated claim").

- The Riveras' claims remain property of the bankruptcy trustee, who alone has standing to pursue them.  *See* 11 U.S.C. § 541(a)(1); *In re Banks*, 223 Fed. App'x 149, 151 (3d Cir. 2007) ("[T]o the extent that banks' claims arose before he filed for bankruptcy, the Bankruptcy Court properly dismissed Banks' suit [because] Banks did not have standing to pursue his claims.").

In considering the overall futility of the Riveras' proposed amendment, this Court should analyze these additional bases for dismissal, which render the proposed Second Amended Complaint a futile attempt by the Riveras to salvage their case.

## CONCLUSION

For the reasons stated herein, the Riveras' Motion to File a Second Amended Complaint should be denied.  In the event that the Court permits the Riveras to file the amendment, Countrywide will respond to the Second Amended Complaint as

appropriate, including moving to dismiss the Second Amended Complaint on all

available grounds.

COUNTRYWIDE HOME LOANS, INC.

By its attorneys,

 /s/ Mariah Murphy
Martin C. Bryce, Jr.
Mariah Murphy
BALLARD SPAHR ANDREWS &
INGERSOLL, LLP
Plaza 1000 - Suite 500
Main Street
Voorhees, NJ  08043
(856) 761-3400

Of Counsel:

Thomas M. Hefferon
Scott B. Nardi
Eric I. Goldberg
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC  20001
(202) 346-4000

DATED:      September 8, 2009

16