# United States District Court
## District of New Jersey

LAW OFFICES OF LEWIS G. ADLER
26 Newton Avenue
Woodbury, New Jersey  08096
(856) 845-1968

| | |
|---|---|
| **David A. and Marianne M. Rivera Individually and as a class representative On behalf of others similarly situated Plaintiff**<br><br>vs.<br><br>**COUNTRYWIDE HOME LOANS,**<br><br>**Defendant.** | CASE NO.<br>         1:09-cv-0021 (JEI)(JS)<br><br> <u>Civil Action</u> |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT**

Lewis G. Adler, Esq.
Roger C. Mattson, Esq.
On the Brief

TABLE OF CONTENTS

LEGAL ARGUMENT………………………………………………………………….1
I.       The proposed  amended complaint addresses the courts concerns to plead claims relating to fees and costs both in the foreclosure and the bankruptcy………………...…..1

      A.       The Plaintiff alleged new issues in the proposed amended complaint concerning attorneys fees and costs post judgment……………………….4

      B.       The Plaintiffs have stated a claim based on fees and costs charged to them………………………………………………………………………….4

II.      The proposed second amended complaint is not futile……………………………6

      A.       The Fees charged are a breach of contract………………………………...6

      B.       The Plaintiffs have plead causes of action for violations of the covenant of Good Faith and Fair Dealing, Unjust Enrichment and the New Jersey Consumer Fraud Act……………………………………………………….9

      C. The proposed Complaint has pled a violation of the Truth in Consumer Contract, Warranty, and Notice Act………………………………………9

III.     Countrywide's list of other defenses should be denied………………………….11

CONCLUSION…………………………………………………………………… 12

TABLE OF AUTHORITIES

**Cases**

*ALCOA Edgewater No.1 Fed. Credit Union v. Carroll,* 44 N.J. 442  (N.J. 1965)………. 7
*Bosland v. Warwick Dodge,* 396 NJ Super 267 ( App Div 2007)……………………… 10
*Collective Federal Savings & Loan v. Toland,*
     207 N.J. Super. 157 (N.J. Super. App. Div. 1985)…………………………………... 7
*Hatch v. T&L Assocs.,* 319 N.J. Super. 644,  (N.J. Super. App. Div. 1999)…………… 7
*Hutchinson v. Delaware Savings Bank, FSB,* 410 F. Supp 2d 374 (2006)………………..4
*In re: John Hatala*, 295 BR 62 (2003)……………………………………………1, 5, 6, 7, 8
*In re Price*, 361 B.R. 68, 77-78 (Bankr. D.N..J. 2007)……………………………………5
*In re Shaffer,*  48 Bankr. 952 ( Bankr. N.D. Ohio 1985)…………………………………..4
*National City Mortgage v. Smith,* 324 NJ Super 509 (Ch Div 1999)……………………..2
*Richenbach v. Wells Fargo, Case Number 08-cv-2687 (D.N.J. June 29, 2009);*………  …8
*Smerling v. Harrah's*, 389 N.J. Super. 181 (App. Div. 2006)……………………    10, 11
*Stewart Title Guar. Co. v. Lewis,* 347 NJ Super. 127 (Ch Div 2001)……………… 1, 5, 8
 *Whittingham v. Mortgage Electronic Registration Services, Inc.,*
          No. 06-3016, slip opinion (D.N.J. May 15, 2007) ……………………….8
*Youngman v. Fleet Bank, N.A. (In re A&P Diversified Techs. Realty, Inc.),*
          467 F.3d 337, 341 (3d Cir. 2006)……………………………………   1, 5


**Statutes**

*RESPA 12 USC 2605*…………………………………………………………………  9
12 USC 2605 (e)……………………………………………………………………….. 10
The *New Jersey Fair Foreclosure Act NJSA 2A:50-53*…………………..………………  2
*NJSA 2A:50-57*.............................................................................................................   2
*NJSA 56:12-1*…………………………………………………………………………… 11
*NJSA 56:12-15*…………………………………………………………………………….10


**Rules**

 R.4:42-9(a)(4)…………………………………………………………………………… 5


**Other Authority**

*Black's Law Dictionary 4th Edition* (1968)…………………………………………  10

LEGAL ARGUMENT

**I.     The proposed amended complaint addresses the courts concerns to plead claims relating to fees and costs both in the foreclosure and the bankruptcy.**

The proposed amendments address the court's concerns pursuant to the court's order of July 10, 2009. The central issue raised by the court is that the court found that the original complaint did not raise any claims concerning the fees beyond the final judgment of foreclosure. The proposed amended complaint specifically includes those fees. The Defendant, Countrywide argues that none of the fees and costs assessed during either the Rivera's bankruptcy or foreclosure were illegal, and they still do not establish a basis for the Rivera's claim. The argument is legally and factually false.

The total of all attorney's fees assessed during the bankruptcy and foreclosure proceeding can not in aggregate exceed the amounts allowed under the New Jersey Court rules.  I*n re: A&P Diversified Technologies Realty, Inc, Youngman v. Fleet Bank, NA*, 467 F.3d 337, 341 (3d Cir. 2006) ; *Stewart Title Guar. Co. v. Lewis,* 347 NJ Super. 127 (Ch Div 2001); *In re: John Hatala*, 295 BR 62 (2003). This is pled explicitly in paragraph 62 of the proposed amended complaint.

The Third Circuit case of *Youngman v. Fleet Bank, N.A. (In re A&P Diversified Techs. Realty, Inc.),* 467 F.3d 337, 341 (3d Cir. 2006) is directly on point. In *A&P*, the Court held:

> We also disagree with Fleet's assertion that New Jersey's limitation on attorneys' fees in Rule 4:42-9(a)(4) somehow renders the merger doctrine inapplicable and allows creditors to recover attorneys' fees post-judgment. In this regard Fleet contends that cases from other jurisdictions which hold "that a secured party cannot receive a section 506(b) award after its mortgage is satisfied are inappropriate and emanate from jurisdictions outside New Jersey where unlike New Jersey, a party may seek all of its legal fees and costs in the context of a state court foreclosure

1

action." Appellee's Br. at 19. Rule 4:42-9(a)(4) does not render the merger doctrine inapplicable; nor does it allow a mortgage agreement to survive a judgment of foreclosure. Indeed, it does not even address these matters. Rather, it limits the award of attorneys' fees allowable under state law as it provides, after setting forth the allowable fees, that "in no case shall the fee allowance exceed the limitations of this rule." The Supreme Court of New Jersey has made it clear that the parties to a mortgage cannot by contract override the limitations of the rule. *Alcoa Edgewater No. 1 Fed. Credit Union v. Carroll,* 44 N.J. 442, 210 A.2d 68, 71 (N.J. 1965).

In reaching our result we emphasize the following. While it is true that the debtor agreed to pay Fleet's "reasonable" attorneys' fees in a foreclosure action and arguably waived the benefit of certain laws limiting the amount of fees Fleet could recover, certainly in the absence of a bankruptcy proceeding these provisions would not have rendered the limitations of Rule 4:42-9(a)(4) ineffective. Id. Furthermore, we point out that inasmuch as mortgagees ordinarily prepare the mortgage documents, if such provisions superceded Rule 4:42-9(a)(4) in foreclosure actions, the rule soon would become meaningless.

The question, then, is whether section 506(b) should require a different result in a bankruptcy context. We do not see why it should in the absence of clear language in the loan documents preserving the claim for attorneys' fees after a foreclosure judgment. In this regard we observe that the debtor's waiver in the mortgage of the "benefit" of certain laws hardly can assist Fleet with respect to section 506(b) as that section in allowing a creditor to obtain attorneys' fees in excess of those it otherwise could recover surely is not a law enacted for the benefit of a mortgagor. Thus, Fleet, is limited to recovering its "reasonable" attorneys' fees, which were determined through the application of the state court rule in the state court proceedings, as the mortgage or other documents simply do not provide that the provision for reasonable fees in the mortgage renders inapplicable the ordinary application of the merger doctrine. *Id* at 341.

The rule applies to all fees incurred by the mortgagee during the pendency of the foreclosure. The result is the same in cases where the mortgage is cured or paid off prior to the entry of the final judgment. *National City Mortgage v. Smith,* 324 NJ Super 509 (Ch Div 1999). The *New Jersey Fair Foreclosure Act NJSA 2A:50-53* provides that in the event of a default the amount of attorneys fees and costs to be charged to the borrower to cure the default are limited by the court rule. *NJSA 2a:50-57* states:

2

> (3) pay or tender court costs, if any, and attorneys' fees in an amount
> which shall not exceed the amount permitted under the Rules Governing
> the Courts of the State of New Jersey;

The law in New Jersey is clear. The Court rules are an absolute cap to the amount a lender can charge to the borrower for attorney's fees and costs in a defaulting mortgage. The Court rule is clear "**in no case shall the fee allowance exceed the limitation of this rule**".

The Defendant argues that there were orders entered in the bankruptcy which allowed the fees. The statement is only partially true. The total of all of the orders in the bankruptcies allowing the fees is $750.00.  (May 9, 2003 $250.00; May 31, 2005 $250.00; and July 24, 2006 $250.00) The total allowed in the foreclosure final judgment of June 4, 2002 was $1597.40. This is a grand total of  $2347.40. The amount demanded was $2575.00. Even using the Defendant's argument the attorney fees were inflated by $227.60.

The same is true of the costs. The total of all of the orders in the bankruptcies allowed fees of $225.00. The foreclosure final judgment allowed $584.00; A total of $809.00 The Defendant demanded foreclosure costs of $1898.44 and bankruptcy costs of $225; a total of  $2123.44. Using the Defendant' own argument the fees were inflated by $1314.44.

3

A.     **The Plaintiff alleged new issues in the proposed amended complaint concerning attorneys fees and costs post judgment.**

The Defendant argues that the Plaintiffs have alleged nothing new as to the foreclosure fees. This is incorrect. This court held that the calculation of the foreclosure fees in the final judgment was correct. The court further held that the Plaintiffs have failed to allege any claims for any charges beyond the final judgment. The proposed amended complaint specifically alleges claims for all attorneys fees charged until the payoff whether labeled bankruptcy fees or foreclosure fees. The Defendants attempt to collect post judgment attorneys fees is a violation of the law. The court made no finding on the validity of these charges which are now pled in the proposed amended complaint.

**B. The Plaintiffs have stated a claim based on fees and costs charged to them.**

The Defendant argues that the Plaintiff can not raise a claim concerning the fees and costs listed in the proofs of claim. As to the breach of contract and consumer fraud claims, the proofs of claim are simply evidence of the addition of the illegal post judgment charges to the Plaintiffs' account which was paid in full upon the sale of the property.

The Defendant argues that the failure to object to the proofs of claim in the bankruptcy is entitled to res judicata effect. Not only is the argument factually incorrect, it is legally incorrect. This court addressed this very issue of the res judicata effect of bankruptcy in the case of *Hutchinson v. Delaware Savings Bank, FSB,* 410 F. Supp 2d 374 (2006). The court made several holdings. First, the conversion of a case from Chapter 13 to a Chapter 7 obviates the res judicata effect of the confirmed Chapter 13 plan. *Id at* 378. Second, the court relying on *In re Shaffer,* 48 Bankr. 952 ( Bankr. N.D.

4

Ohio 1985) held that "once a debtor dismisses the [Chapter 13] action, the confirmation of the plan is vacated and without res judicata effect", *Hutchinson at* 381, *Shaffer* at 40. In the instant case, the Defendant Countrywide points out that the Bankruptcies were dismissed. As a matter of law, there is no res judicata effect to the previous Bankruptcy proceedings.

The Defendant seeks to rely upon the case of *In re Price*, 361 B.R. 68, 77-78 (Bankr. D.N.J. 2007). The holding of the case is directly contradicted by the holding in both *In re A&P, In re Hatala and Stewart Title.* The court in *Price* ignores the fundamental aspect of the law which is that a lender is not entitled to post judgment attorneys fees. *Stewart Title* was a case where the lender actually made an application for post judgment attorneys fees.

In *Stewart Title,* the plaintiffs, after successfully moving for relief from the automatic stay in the debtor's chapter 13 case, returned to state court to seek additional attorney's fees not included in their final judgment of foreclosure. The defendants had engaged in elaborate, and often illegal, machinations to prevent the plaintiffs from foreclosing on the subject property, causing the plaintiffs to incur a hefty $ 23,000 in attorney's fees. The foreclosure judgment, once finally obtained, only allowed for $ 1,433.25 in attorney's fees in accordance with the formula set forth in the New Jersey Court Rules. *Id.* at 942. Plaintiffs sought to amend the judgment to include the additional fees they had incurred. *Id* . Although the court recognized that the plaintiffs had been "greatly wronged" by the defendants' conduct and expressed a desire to grant their motion, at the same time, it was "abundantly satisfied that R.4:42-9(a)(4) prohibited such a result." *Id.* at 948 . The plaintiffs' motion was denied.

The Court in *In re: John Hatala*, 295 BR 62 (2003) rejected the holding in *Price*. "In the state law context, once a mortgagee obtains a foreclosure judgment, its rights are limited to satisfaction of the judgment. If a debtor tenders the amount of the judgment to the mortgagee immediately upon entry of the judgment, the debtor is entitled to have the judgment marked satisfied. Even after a sheriff's sale takes place, a debtor may redeem the property by tendering the amount of the judgment, accrued interest and costs together with interest on the deposit made at the sale. *Id* . There is no reason why the debtor should have to pay more in bankruptcy than outside of it. In fact, such a result would provide a windfall to secured creditors and harm the interests of unsecured creditors who would then receive a smaller percentage of the debtor's income towards their claims. "*In re Hatala* at 67-68  (citations omitted)

**II      The proposed second amended complaint is not futile.**

The proposed second amended complaint is not futile. The Plaintiffs have alleged viable causes of action against the remaining Defendant in accordance with the Court's July 10 opinion.

**A.  The Fees charged are a breach of contract.**

It should be noted that the right to a fee in a foreclosure action "emanates from the fact that mortgage loans, as a matter of course, place specific contractual obligations on the mortgagor to bear the fees incurred by the mortgagee upon the need to foreclose or collect." *Stewart Title Guaranty Company v. Lewis,* 347 N.J. Super. 127, 788 A.2d 941, 945 n.8 (Super. Ct. Ch. Div. 2001)

"In general, New Jersey follows the American Rule on attorney's fees, i.e., it "adhere[s] to the view that the sound administration of justice is best advanced by having

6

the parties bear the burden of their own counsel fees." *Hatch v. T&L Assocs.,* 319 N.J. Super. 644 (N.J. Super. App. Div. 1999). The only exceptions to that rule are (1) where parties to a contract have included a fee shifting provision in their agreement1 and the fees are deemed reasonable by the court, *ALCOA Edgewater No.1 Fed. Credit Union v. Carroll,* 44 N.J. 442  (N.J. 1965) , and (2) those carved out in New Jersey Court Rule 4:42-9. The purpose of the court rule, which allows the prevailing plaintiff in a foreclosure to collect attorney's fees up to a certain limited amount, is to "encourage[] the making of mortgage loans and permit New Jersey borrowers to compete more effectively for mortgage funds ... because lenders know they will recover all or a part of their attorney's fees if forced to foreclose a mortgage." *Collective Federal Savings & Loan v. Toland,* 207 N.J. Super. 157 (N.J. Super. App. Div. 1985) . Notably, however, the rule limits the amount of counsel fees that the lender may collect, regardless of how much the lender actually spends on attorney services in the foreclosure action. This is consistent with the development of New Jersey's policy of protecting homeowners' interests and the opportunities to keep their homes, which culminated in the Fair Foreclosure Act . " *In re Hatala*  at 66.

"Once a lender has obtained a judgment that includes reasonable attorney's fees, the lender may not thereafter amend the judgment to include additional fees for post judgment services rendered, unless the underlying agreement explicitly states that such fees are allowed.  *Hatch v. T&L Assocs.,*  319 N.J. Super. 644, 726 A.2d 308, 309 (N.J. Super. App. Div. 1999) . As Judge Pressler noted, "a contrary construction [of the typical attorney's fees clause in a contract] would have substantial potential for abuse, for unduly burdening consumer and other commercial transactions, for indefinitely delaying finality,

7

and for spawning a host of ancillary litigation." *Id* . Here, the express language of the debtor's mortgage only permits the collection of fees in the foreclosure proceeding. Any additional attorney's fees for the bankruptcy work would be unsupported by the underlying agreement. "*In re Hatala* at 68.

The courts in both *Hatala* and *Stewart Title* held that a lender seeking more attorneys fees than provided by the New Jersey Court rules is in violation of the terms of the contract. This is the same holding as the District Courts in *Richenbach v. Wells Fargo, Case Number 08-cv-2687 (D.N.J. June 29, 2009)* and *Whittingham v. Mortgage Electronic Registration Services, Inc.,* No. 06-3016, slip opinion (D.N.J. May 15, 2007).

Paragraphs 10 and 18 of the mortgage specifically limit the attorneys fees and costs to the foreclosure action as further limited by the FHA regulations and the court rules. Paragraph 6C of the note states: "If the Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorney's fees for enforcing this Note to the extent not prohibited by applicable law." The terms of the contract as reflected in the mortgage and note are violated if the charges are in excess of those allowed under the law.

The proposed amended complaint pleads a cause of action for breach of contract.

8

**B. The Plaintiffs have plead causes of action for violations of the covenant of Good Faith and Fair Dealing, Unjust Enrichment and the New Jersey Consumer Fraud Act.**

The Defendant argues that the Plaintiff has failed to allege violations of the covenant of Good Faith and Fair Dealing, Unjust Enrichment, and the New Jersey Consumer Fraud Act as the fees and costs were legal. The court in its opinion of July 10, 2009 held that " The Court does not view the Amended Complaint as asserting claims arising out of Defendants' actions in the bankruptcy cases." The court specifically held that any fees beyond those demanded in the final judgment of foreclosure were not considered by the court. The proposed amended complaint is intended to include claims for the Defendant's action in the bankruptcy cases and beyond the final judgment As noted previously, the fees and costs in question are illegal and in violation of the contractual provisions of the note and mortgage. To the extent that the Plaintiffs have pled the fees and costs were illegal, the Plaintiffs have pled valid causes of action for breach of the covenant of Good Faith and Fair Dealing, Unjust Enrichment and the New Jersey Consumer Fraud Act.

**C. The proposed Complaint has pled a violation of the Truth in Consumer Contract, Warranty, and Notice Act.**

The Defendant argues that the Plaintiffs have failed to plead a violation of the Truth in Consumer Contract, Warranty, and Notice Act. ) To the extent that the Defendants argue that the terms of the mortgage and note entitle them to be reimbursed for the attorneys fees and costs in the foreclosure in excess of the amount allowed under New Jersey law and FHA regulations, those clauses violate the act.

Second, the payoff and proof of claim are notices from the lender to the borrower of the amount due to satisfy the loan in full. In fact, RESPA 12 USC 2605 provides that

9

when the borrower makes an inquiry concerning its account, the servicer is to transmit a "written notification". See 12 USC 2605 (e). *Black's Law Dictionary 4th Edition* (1968) defines Notice as "Information, the result of observation, whether by the senses or the mind; knowledge of the existence of a fact or state of affairs; the means of knowledge." The payoff letter is information on the amount due to satisfy the loan. The proof of claim is information on the amount due to reinstate the loan. The plain meaning of the statute is that the creditor may not give any information which violates the Act. The payoff letter itself is a writing which violates the statute by including a demand for monies not legally due.

      This same conclusion was reached by the New Jersey Appellate Division in the case of *Smerling v. Harrah's*, 389 N.J. Super. 181 (App. Div. 2006). In that case, the court held that advertising by the casino which contained false, deceptive or misleading information was actionable under the *Truth-in-Consumer Contract, Warranty and Notice Act.* As the New Jersey Appellate Court held in *Bosland v. Warwick Dodge,* 396 NJ Super 267 ( App Div 2007) that proving a case under the New Jersey Consumer Fraud Act will satisfy a cause of action under this act. The Plaintiff has pled a prima facie case under the Consumer Fraud Act. Countrywide provided the proof of claim and payoff letters which demanded excessive attorneys' fees and costs in violation of New Jersey law and FHA regulations. The Plaintiff paid the monies demanded in full.

   The Defendant raises two issues from the Court's previous decision. First, is the mortgage and note a "consumer contract" to which the act applies. *NJSA 56:12-15* of the act defines a consumer as "any individual who buys, leases, borrows, or bails any money, property or service which is primarily for personal, family or household purposes."

Although not the same act, *NJSA 56:12-1* does define a consumer contract as written agreement where an individual obtains credit. The Court in *Richenbach v. Wells Fargo, Case Number 08-cv-2687 (D.N.J. June 29, 2009)* held that the act applied to the payoff of a home mortgage in just the same situation even when the payoff is prepared by an agent of the lender. Second, does it apply to Countrywide as Countywide was not the original lender? At a worst case situation, Countrywide prepared the payoff and took the moneys to satisfy the previously incurred charges. A cause of action under the Act has been pled as to Countrywide.

**IV.    Countrywide's list of other defenses should be denied.**

The Defendant in the final page of their brief gives a laundry list of other defenses which they raised previously:

   a. The entire controversy doctrine;

   b. The Rooker-Feldman doctrine;

   c. Judicial Estoppel;

   d. The claim remains a claim of the bankruptcy trustee;

These arguments were briefed extensively by the Plaintiffs in the prior motion before the court. If the court is considering these issues, a copy of that brief is attached and incorporated by reference herein for the court's consideration.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that an order be entered allowing the filing of the amended complaint.

                                              Respectfully submitted,

Date:  September 14, 2009          _/s/Lewis G. Adler_____
                                            LEWIS G. ADLER, ESQ.